OAKMAN *v.* BOARD OF SUPERVISORS OF WAYNE COUNTY.

1. Constitutional Law — Counties — Municipal Corporations — Cities—Annexation of Territory—Legislative Districts.
   Under the provisions of Act No. 279, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 5442 *et seq.*), it is required in voting upon the question of annexing territory to a city that a majority of the electors residing in the district to be annexed and in the city to be affected should consent to the proposed change, and although the act fails to grant to the board of supervisors any discretion to refuse to enter an order to submit to the voters the question of annexation, but requires the petition to be submitted to a vote, the act is not invalid and means provided are not in violation of the State Constitution.

2. SAME—DELEGATION OF POWER—REFERENDUM.
    There is no valid ground of objection to delegating to a board of supervisors the authority to submit such question to the voters, and under the Constitution the method of referendum being recognized as proper and valid, the act was not void for that reason.

3. SAME—REPRESENTATIVE DISTRICTS.
    Considering the powers conferred by the statute in the light of constitutional provisions in relation to representative districts and apportionment (Art. V, §§ 3, 4, of the Constitution), the statute should be held to require that, in submitting the question to the electorate, the integrity of the representative district be maintained by including in the order submitting the question to a vote, a proviso that the territory may be annexed for all purposes except electing representatives to the State legislature.

4. SAME.
    Having conferred upon the board of supervisors the authority to annex territory subject to a referendum, the statute carries with it the implied authority to make such incidental order as may become necessary to effect the purpose of the legislation.
    MCALVAY and OSTRANDER, JJ., dissenting.

Certiorari to Wayne; Hosmer, J. Submitted January 5, 1915. (Calendar No. 26,562.) Decided April 6, 1915.

Mandamus by Robert Oakman against the board of supervisors of the county of Wayne to require the respondent to submit to a vote of the electorate the question of annexation of certain territory to the city of Detroit. An order denying the writ is reviewed by relator on certiorari. Reversed.

*L. C. Stanley* and *George G. Scott,* for appellant.

*Allan H. Frazer,* Prosecuting Attorney, and *Paul W. Voorhies,* Assistant Prosecuting Attorney, for respondent.

BIRD, J.  The relator filed his petition with the board of supervisors of Wayne county under Act No. 279, Pub. Acts 1909, as amended (Act No. 203, Pub. Acts 1911, 2 How. Stat. [2d Ed.] § 5442 *et seq.*), to have certain territory in Greenfield township annexed to the city of Detroit.  After due consideration thereof, and after being advised by his counsel, relator's application was denied on the ground that Act No. 279 did not afford adequate legal means to accomplish that end.  The relator thereupon petitioned the circuit court for a writ of mandamus to compel respondent to act upon his petition.  After a hearing thereon, the circuit court refused to compel action.  A writ of certiorari then issued from this court to bring up the proceedings for review.

Two reasons are advanced by the respondent in support of the action of the circuit court:

(1) "That said act does not provide a constitutional means, whereby territory can be annexed to an existing city, or the boundaries of an existing city changed for the reason that nowhere is there provided any discretion in the board of supervisors in passing upon said petition."

(2) "That such annexation of said territory to the city of Detroit could not be effected under the petition as filed with the board of supervisors, for the reason that there is no constitutional provision for the changing of boundaries of cities by the annexing of territory thereto, at any other time than at such time as provided for the rearrangement of senatorial districts and the apportionment of representatives among the counties and districts, as provided for by section 4, art. 5, of the State Constitution."

1.  Act No. 279 confers jurisdiction upon the board of supervisors, when a showing is made by petition in conformity with the several provisions of the statute.  When this showing is made, and is truthful, it appears to be mandatory upon the board to enter an order submitting the question of annexation to the

electorate of the territory to be affected by such change. The argument is made that because the act fails to vest the board of supervisors or some other public board with discretion to determine the question, but leaves it to the electorate to decide, the act is void, and this argument is based upon the holding in *Shumway* v. *Bennett,* 29 Mich. 451 (18 Am. Rep. 107). That was a case in which the general village incorporation act of 1873 was held unconstitutional, principally upon the ground that it made it possible for a few petitioners, by the aid of the court, to bring about incorporation of certain territory, where the inhabitants of such territory were opposed to it. We think this case ought not to control the one under consideration. In Act No. 279 it will be noted that provision is made for an election in not only the municipality from which the territory is proposed to be detached but also in the municipality to which the annexation is proposed to be made. If the act stopped there, counsel's argument would have much force, but it goes further and provides that the votes of those residing in the particular territory to be annexed shall be kept separate, and that, if a majority of those residing therein shall consent thereto, the annexation shall be made. In other words, the act not only requires a majority vote of all those residing in both municipalities, but requires a majority vote of those residing in the particular territory. This provision meets the principal ground upon which the act was declared void in *Shumway* v. *Bennett, supra.*

The changing of the boundaries of political divisions is a legislative question, and the power to annex territory to municipalities has often been delegated to boards of supervisors or other public bodies. In view of this, we see no valid objection to the power being delegated to boards of supervisors with a referendum attached, especially since the Constitution has recog-

nized the principle of referendum. We think this objection is without merit.

It is said that Act No. 279 is inadequate in that no provision is made for maintaining the integrity of the representative district of which the territory proposed to be annexed is now a part. This claim is based upon article 5, §§ 3 and 4, of the Constitution, which provides in part that:

"Sec. 3. Representatives shall be chosen for two years and by single districts, which shall contain as nearly as may be an equal number of inhabitants and shall consist of convenient and contiguous territory; but no township or city shall be divided in the formation of a representative district."

"Sec. 4. Each apportionment so made, and the division of any county into representative districts by its board of supervisors, made thereunder, shall not be altered until the tenth year thereafter."

The powers conferred by Act No. 279 should be read in the light of these constitutional provisions; and, when so read, it will result in this: That, when favorable action of the board of supervisors upon a petition for annexation is followed by a consenting vote of the electorate, territory can be annexed for city purposes, but not so as to affect the integrity of the representative district. This may be accomplished by including in the order of submission a provision for annexation of the particular territory for all purposes, save for the one purpose of electing representatives to the State legislature. The annexed territory would then become a part of the city for all voting purposes, save those in which a representative was voted for. This construction would make effective the act, and at the same time would satisfy the constitutional provisions. *Smith* v. *City of Saginaw*, 81 Mich. 123 (45 N. W. 964). See, also, *Attorney General* v. *Springwells*, 143 Mich. 523 (107 N. W. 87); *Attorney General* v. *Bradley*, 36 Mich. 447.

In *Smith* v. *City of Saginaw, supra,* a like question arose, but the legislature in a special act, authorizing the annexation, provided that no change should be made in the boundaries of the representative districts of the county, and it was there said that:

"Saginaw city and two townships comprised one district, and the city of East Saginaw the other. The voting precincts in the territory which comprised the old cities of Saginaw and East Saginaw are preserved intact in the new municipality. It is thus apparent that not only are the representative districts retained and preserved entire, but that no possible difficulty, doubt, or confusion can arise among the electors either as to time, place, manner, or right to vote, and no elector is or can be disfranchised."

The difference between that situation and the one under consideration lies in the fact that in the *Saginaw Case* an express provision was made in the local act preserving the integrity of the representative district, while in the act under consideration no such express provision exists. While no express provision exists, we think the power to provide in the order of submission a provision to preserve the integrity of the representative district can be implied from the general powers granted.

When the power to annex is conferred upon the board of supervisors and the electorate, we think it carries with it the implied power to make such incidental orders as become necessary to make the power conferred effective. *City of Port Huron* v. *McCall,* 46 Mich. 565 (10 N. W. 23). But it is said the case of *People* v. *Holihan,* 29 Mich. 116, is an authority establishing the inadequacy of this legislation. An examination of the holding in that case will disclose that the annexation was declared void on the ground that no provision was made to preserve the integrity of the representative district. In *Smith* v. *City of Saginaw, supra,* an express provision was made. In

the act under consideration, we think there is an implied power to make an order of submission that will accomplish that end, and, when that object is accomplished, it satifies the objection made in *People* v. *Holihan, supra.* While it might have been wiser for the legislature to have granted this express power to the board of supervisors, we think the act should not be declared inadequate for the want of it.

The order of the trial court is reversed, with direction to issue the writ as prayed.

BROOKE, C. J., and KUHN, STONE, MOORE, and STEERE, JJ., concurred with BIRD, J.

OSTRANDER, J. (*dissenting*). The provisions of Act No. 279, Pub. Acts 1909, as amended, must be limited, in application, to cases where the change by annexation does not result in dividing a city or township into two representative districts. The case is unlike *Smith* v. *City of Saginaw* in two important particulars. In the first place, the legislature has not made the proposed division, and in making it expressly provided that the change shall not affect the manner of electing representatives in the districts; in the second place, the legislature has not expressly or by necessary implication empowered boards of supervisors to preserve the manner of electing representatives in the districts. In *Smith* v. *City of Saginaw*, the fact was that the election precincts existing before the consolidation of the two cities were, by the consolidation, left unchanged. But by what authority will the board of supervisors preserve, unchanged, the voting precinct of citizens of the annexed territory? Shall the representative be voted for in the city or in the township? Shall voters in the annexed territory be registered in two places? Must those who move into that part of the district annexed to the city register both in the city and in the township? The reasoning of Mr.

Justice BIRD would have permitted the court to decide *People* v. *Holihan*, 29 Mich. 116, differently. Evidently the reasoning was considered. See page 119.

The court was right in refusing the writ, and its judgment should be affirmed.

MCALVAY, J., concurred with OSTRANDER, J.