COOK *v*. KENT COUNTY BOARD OF CANVASSERS.

1. MUNICIPAL CORPORATIONS — CITIES — CERTIORARI — CANVASS OF VOTES—ELECTION.

Section 9 of Act No. 279, Pub. Acts 1909 (1 Comp. Laws 1915, § 3312), in relation to annexing territory to a city or municipal. division, requires that the election shall be conducted in such manner as to keep the votes of the territory to be annexed separate from the other portions of the city, village or township, and if the majority in both distinct portions is favorable to annexation it shall carry. *Held*, that a favorable vote of each territorial division to be annexed should concur before the proposition could be said to have prevailed, and that the home rule provisions of the Constitution would not permit the construction contended for by the board of canvassers.

2. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—DISTRICTS — LEGISLATIVE AND SENATORIAL DIVISIONS.

Under Art. v, §§ 3, 4, of the Constitution, a provision for

the preservation of senatorial or legislative districts was essential to the validity of the annexation and a proceeding withdrawing territory from one legislative district and annexing it to another without preserving or providing for the proper districting could not be upheld. It effects an unconstitutional alteration in the boundaries of the legislative districts, and a provision for this purpose should be contained in the order submitting the matter to a vote. *Oakman* v. *Board of Supervisors*, 185 Mich. 359 (152 N. W. 89).

Error to Kent; Perkins, J. Submitted October 15, 1915. (Docket No. 101.) Decided January 24, 1916.

Certiorari by Percy T. Cook against the Board of County Canvassers of Kent County, to review the action of said board in declaring the result of an election relative to the annexation of certain territory to the city of Grand Rapids, and returning that the vote was in favor of annexation. Judgment for defendant. Plaintiff brings error. Reversed.

*Taggart & Taggart*, for appellant.

*Edward N. Barnard*, Prosecuting Attorney, and *William K. Clute*, Assistant Prosecuting Attorney, for appellees.

*Freeland & Munshaw*, for certain residents of annexed district.

This is an action in which the plaintiff by writ of certiorari sought to review the action of the defendant board in its canvass and return upon the question as to the annexation of certain territory to the city of Grand Rapids under section 9 of Act No. 279, Pub. Acts 1909 (1 Comp. Laws 1915, § 3312). The pertinent facts appear to be as follows:

On September 12, 1914, there was filed with the clerk of Kent county a petition for the submission of the question of annexation of certain territory in the townships of Paris and Wyoming to the city of Grand

Rapids. After said petition was filed and considered by the board, the following resolution was passed:

"Resolved that the form of the question to be submitted to the voters aforesaid shall be in substance as follows: 'Shall the following territory be annexed to the city of Grand Rapids?' [Here follows the description of certain territory in the township of Paris and certain territory in the township of Wyoming.] It being intended to include in said territory the N. W. quarter of section 7 of Paris township, all of Sec. 12, and the S. E. quarter of Sec. 11 of Wyoming township, of said county of Kent, and State of Michigan.
"Yes.   [   ].
"No.   [   ]."

The question was submitted in such form to the voters at a charter election held April 5, 1915, at which time that portion of Paris township proposed to be annexed voted Yes 63, No 23. That part of Wyoming township proposed to be annexed voted Yes 127, No 142, and that portion of the two townships not to be annexed, voting collectively with the city of Grand Rapids, gave a large majority in favor of annexation. The returns of the election were filed with the county clerk, and the board of canvassers canvassed the same, and declared that such annexation carried. Plaintiff, a resident and taxpayer of the township of Wyoming, procured a writ of certiorari to review the action of the board of canvassers. He asserted that the action of said board was erroneous and invalid for the following reasons:

"*First.* Because the statute under which the said election was submitted requires the affirmative vote of that part of any township proposed to be annexed, taken separately from the rest of the township or from the vote of any other township.

"*Second.* That it appears from the face of the returns that the said election did not carry as to the township of Wyoming.

"*Third.* Because the construction of the law allow-

ing the voters of Paris township to decide whether or not a portion of Wyoming township should be annexed is unconstitutional and void, in that: (*a*) It is an unlawful and unconstitutional delegation of the legislative power inherent in the legislature to the voters of Paris township; (*b*) in that it usurps the right of the township of Wyoming to decide for itself whether it and that portion thereof proposed to be annexed desire such annexation.

"*Fourth.* Because said annexation ignores the right of self-government inherent in a township as a constitutional subdivision of the State, and permits one township to control and meddle in the management of the public interest of the other township.

"*Fifth.* Because it cannot be assumed that the voters of Paris township assumed to do more than to signify their assent to the annexation of that part of their own township proposed to be annexed.

"*Sixth.* Because said board exceeded its jurisdiction in so returning as aforesaid that the said election had carried in Wyoming township, and such finding was contrary to the fact.

"*Seventh.* Because said attempted annexation is unconstitutional, in that it changes the representative and senatorial districts of the State in violation of the State Constitution.

"*Eighth.* Because the action of the said board of canvassers is contrary to the laws of the State of Michigan, and a usurpation of judicial authority not vested in them by any law of the State."

The return to the writ of certiorari was filed by defendant board through the prosecuting attorney, who at some stage in the proceedings filed a written opinion to the effect that said contemplated annexation was wholly void, because it violated section 4, art. 5, of the Constitution, in that it effected changes in the representative and senatorial districts of the State. The learned circuit judge held the proceedings to be regular and the annexation of the territory in question to have been legally accomplished. Plaintiff now seeks a review of that determination in this court.

BROOKE, J. (*after stating the facts*). The first proposition is stated by appellant as follows:

"That the proper construction of the act under which annexation was attempted requires a majority vote in favor of such annexation in that part of each township sought to be annexed voting separately, not collectively, from any other township or part of any other township."

Section 9 of the act involved reads as follows:

"The district to be affected by every such proposed incorporation, * * * or change of boundaries shall be deemed to include the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed: *Provided,* that proposed consolidations or changes of boundaries shall be submitted to the qualified electors of the city, and to the qualified electors of the city, village or township from which the territory to be taken is located, and at the election when said question is voted upon, the city, village or township shall conduct the election in such manner as to keep the votes of the qualified electors in the territory proposed to be annexed or detached in a separate box from the one containing the votes from the remaining portions of such city, village or township, and if the returns of said election shall show a majority of the votes cast in the district proposed to be annexed, voting separately, to be in favor of the proposed change of boundary, and if a majority of the electors voting in the remainder of the district to be affected as herein defined, voting collectively, are in favor of the proposed change of boundary, then such territory shall become a part of the corporate territory of the city or shall be detached therefrom, as the case may be."

This section provides that the question shall be submitted to the qualified electors, that the portion of the "city, village or township" to be annexed shall vote separately from the remaining district of such "city, village or township," and then continues:

"And if the returns of said election shall show a

majority of the votes cast in the district to be annexed, voting separately, to be in favor of the proposed change of boundary, and a majority of the electors voting in the remainder of the district to be affected, voting collectively, are in favor of the proposed change of boundary, then such territory shall become a part of the corporate territory of the city, or shall be detached therefrom as the case may be."

It is the contention of the defendants that the words "district proposed to be annexed" should be construed to mean either a part of a single township to be annexed or the several parts of two or more townships which might in one proceeding be annexed. Plaintiff's contention is that the "district to be annexed" means that portion of each township to be annexed, and that the statute requirement of a majority vote in the "district to be annexed" means that that portion of each township to be annexed must vote affirmatively before annexation can follow.

While it may be conceded that the language of the statute, without straining, will support either of the foregoing views, we are of opinion that the contention of the plaintiff should be sustained as being more nearly consonant with justice and with the principles of local self-government which have been so frequently enunciated by this court. The evils which would flow from a contrary holding seem to be very well illustrated in the case before us. That portion of Paris township proposed to be annexed is but 160 acres in area. It immediately adjoins the city of Grand Rapids upon the south, and is apparently much more densely populated than that portion of Wyoming township which adjoins it. The territory proposed to be taken from Wyoming township consists of about 800 acres, being the whole of section 12 and the southeast quarter of section 11. Section 11 nowhere abuts upon the city, but lies immediately to the west of section 12. To permit the favorable minority in that portion of Paris township

to be annexed to overcome the adverse majority in that portion of Wyoming township to be annexed would, in our opinion, be contrary to the spirit of section 9, and, we believe, under a fair construction of the language, it is likewise contrary to its express terms.

This conclusion upon the first point raised by appellant disposes of the question so far as he is concerned. It still leaves, however, for determination, the legality of the annexation so far as it affects Paris township. That question must be determined by ascertaining whether the contemplated annexation is in violation of the State Constitution, in that it effects an unconstitutional alteration in the boundaries of the legislative and senatorial districts. This particular question was before us in the recent case of *Oakman* v. *Board of Supervisors*, 185 Mich. 359 (152 N. W. 89). We there said:

"It is said that Act No. 279 is inadequate, in that no provision is made for maintaining the integrity of the representative district of which the territory proposed to be annexed is now a part. This claim is based upon article 5, §§ 3 and 4, of the Constitution. * * *

"The powers conferred by Act No. 279 should be read in the light of these constitutional provisions; and, when so read, it will result in this: that, when favorable action of the board of supervisors upon a petition for annexation is followed by a consenting vote of the electorate, territory can be annexed for city purposes, but not so as to affect the integrity of the representative district. This may be accomplished by including in the order of submission a provision for annexation of the particular territory for all purposes, save for the one purpose of electing representatives to the State legislature. The annexed territory would then become a part of the city for all voting purposes, save those in which a representative was voted for. This construction would make effective the act, and at the same time would satisfy the constitutional provisions. * * * While no express provision

exists, we think the power to provide in the order of submission a provision to preserve the integrity of the representative district can be implied from the general powers granted. When the power to annex is conferred upon the board of supervisors and the electorate, we think it carries with it the implied power to make such incidental orders as become necessary to make the power conferred effective."

Commenting upon this decision, the learned circuit judge used the following language:

"If, as held in the *Oakman Case,* the power of the board of supervisors to provide for the preservation of the integrity of the representative district may be implied from the general powers granted by this act, it follows as a logical sequence that the like power may be implied to rest in the voter who votes on the question of annexation submitted to him. It cannot be assumed that either the board of supervisors or the voter, in the absence of any showing to that effect, violated the law in the performance of duties pursuant to and within the provisions of an act of the legislature which has been held to be constitutional. Nothing is contained either in the act in question, in the proceedings of the board of supervisors, or in the vote taken pursuant thereto that in any way interferes with the existing representative district in these townships. It is not mentioned. It is not conceived, therefore, how proceedings in any way interfere with or change that district. That difficulties may arise in the matter of polling places, registration and the like are not matters for the court, but for the legislature, to consider."

We are of opinion that the conclusion upon this point reached by the learned circuit judge is erroneous. While we held in the *Oakman Case* that it was within the power of the board of supervisors to provide in the order of submission for the maintenance of the integrity of the representative district, we have never held that a proceeding without such provision baldly withdrawing territory from one legislative district and annexing it to another could be upheld. In

the case of *Smith* v. *City of Saginaw*, 81 Mich. 123 (45 N. W. 964), the annexation was held valid because the act of consolidation expressly provided for the maintenance of the territorial integrity of the legislative districts. A situation exactly like that presented by the case at bar was considered in *Attorney General* v. *Holihan*, 29 Mich. 116, the holding in which the court, by its decision in the *Oakman Case*, intended neither to overrule nor question.

The judgment of the court below is reversed, with direction to issue the order as prayed. No costs will be awarded.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, and PERSON, JJ., concurred with BROOKE, J.

OSTRANDER, J. I concur in the conclusion of Mr. Justice BROOKE upon the first point decided. I am constrained to concur with the conclusion upon the second point, but upon the ground stated by me in *Oakman* v. *Board of Supervisors*, and not upon the ground stated by Mr. Justice BROOKE.