BRAY *v.* STEWART.

1. MUNICIPAL CORPORATIONS—INCORPORATING NEW VILLAGES—WHO PERMITTED TO VOTE.

   Under 1 Comp. Laws 1915, § 2843 *et seq.*, as amended by Act No. 395, Pub. Acts 1919, and Act No. 90, Pub. Acts 1925, on the question of incorporating a new village, only those residing within the territory proposed to be incorporated should be permitted to vote.

2. CONSTITUTIONAL LAW — INCORPORATING NEW VILLAGES — IF PETITION SUFFICIENT ELECTION MANDATORY.

   An act providing for the incorporation of villages and for revising and amending their charters (1 Comp. Laws 1915, § 2843 *et seq.*, as amended by Act No. 395, Pub. Acts 1919, and Act No. 90, Pub. Acts 1925), is not invalid because it is mandatory on the board of supervisors to order an election if the petition therefor meets the requirements of the act.

3. SAME—TITLE OF ACT SUFFICIENT.

   The title of Act No. 278, Pub. Acts 1909 (1 Comp. Laws 1915, § 2843 *et seq.*), as amended by Act No. 395, Pub.

[1]Municipal Corporations, 43 C. J. § 39; [2]Constitutional Law, 12 C. J. § 369; Municipal Corporations, 43 C. J. § 40; [3]Statutes, 36 Cyc. p. 1041.

Acts 1919, and Act No. 90, Pub. Acts 1925, providing for the incorporation of villages and for revising and amending their charters, is sufficient to warrant the provisions contained in the act, under article 5, § 21, of the Constitution.

Appeal from Wayne; Black (Edward D.), J., presiding. Submitted April 7, 1927. (Docket No. 43.) Decided June 6, 1927. Rehearing denied October 3, 1927.

Bill by Albert H. Bray and others against Albert E. Stewart and others to enjoin annexation proceedings. From a decree for plaintiffs, defendants appeal. Reversed, and bill dismissed.

*James J. Spillane* and *Donald McGaffey*, for plaintiffs.

*Robert M. Toms*, Prosecuting Attorney, *Frank B. Ferguson*, Assistant Prosecuting Attorney, *Matthew H. Tinkham* and *Jesse W. Bollinger* (*Walter S. Ray*, of counsel), for defendants.

Sharpe, C. J. On June 4, 1926, certain qualified electors of the townships of Nankin and Dearborn, in the county of Wayne, petitioned the board of supervisors of that county, praying that the question of incorporating a part of the territory situate in each of said townships, and particularly described therein, into the village of Inkster, be submitted to the electors of the territory to be affected at the next general election, or at a special election to be called for that purpose, pursuant to the provisions of Act No. 278, Pub. Acts 1909 (1 Comp. Laws 1915, § 2843 *et seq.*), as amended by Act No. 395, Pub. Acts 1919, and as further amended by Act No. 90, Pub. Acts 1925. By resolution the board ordered a special election to be held on September 14, 1926. Notice thereof was given to the qualified electors residing in the territory to be included in such village, and only such electors

were permitted to vote thereon. A majority of the votes cast was in favor of incorporation. Pursuant to the resolution, a charter commission was also then elected. Before the certification of the results of the election, the plaintiffs filed the bill of complaint herein, alleging that the provisions of the statute as amended had not been complied with, averring that the statute was unconstitutional, and praying that further proceedings tending to perfect such organization be enjoined. On the hearing, the facts were agreed upon, and, after argument, the trial court sustained the claim of the plaintiffs, and an injunction was issued as prayed for in the bill. The defendants appeal.

1. Constitutionality of the Act. The title to the act reads as follows:

"An act to provide for the incorporation of villages and for revising and amending their charters."

Section 1 continues the corporate existence of villages theretofore incorporated. Section 2 provides that—

"Villages may be incorporated or territory detached therefrom or added thereto, or consolidation made of two or more villages into one village"

—by proceedings originated by petition. Section 3, as amended by Act No. 40, Pub. Acts 1925, requires the petition to "accurately describe the proposed boundaries" of the village, and to represent that there are not less than 225 inhabitants and an average of not less than 100 inhabitants per square mile in the territory proposed to be incorporated. Section 4 provides that the board of supervisors shall make provision for the submission of the question of incorporation "to the qualified electors of the district to be affected," and section 5 provided:

"The district to be affected by every such proposed incorporation, consolidation or change of boundaries shall be deemed to include the whole of each city,

village or township from which territory is to be taken or to which territory is to be annexed, except that the question of incorporating a new village shall be determined by a majority of the votes cast at an election at which only the electors residing within the territory proposed to be incorporated shall vote."

In 1919, section 5 was amended to read as follows:

"The district to be affected by every such proposed incorporation, consolidation or change of boundaries, shall be deemed to include the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed: *Provided, however,* That proposed incorporations, consolidations or changes of boundaries shall be submitted to the qualified electors residing within the territory proposed to be incorporated or residing within the village to which territory is to be annexed as the case may be, and also to the qualified electors of the city, village or township from which the territory to be taken is located and at the election, when the said question is voted upon, the city, village or township shall conduct the election in such manner as to keep the votes of the qualified electors in the territory proposed to be incorporated or annexed or detached in a separate box from the one containing the votes from the remaining portions of such city, village or township, and if the returns of said election shall show a majority of the votes cast in the district proposed to be incorporated or annexed, voting separately, to be in favor of the proposed incorporation or change of boundary as the case may be, and if a majority of the electors voting in the remainder of the district to be affected as herein defined, voting collectively, are in favor of the proposed incorporation or change of boundary as the case may be, then such territory shall become incorporated as a village or shall become a part of the corporate territory of the village or shall be detached therefrom, as the case may be."

In 1925, this section was again amended by adding the following proviso thereto:

"*Provided further,* That the question of incorporating a new village from territory located in a township

or townships shall be determined by a majority of the votes cast at an election at which only the electors residing within the territory proposed to be incorporated shall vote."

It is difficult to perceive the purpose sought to be accomplished by the change in this section in 1919 so far as it applies to incorporation. Little hamlets, sometimes spoken of as unincorporated villages, will be found in all of the counties in the State. Usually, a general store is first established near a schoolhouse, and this is followed by churches, shops, etc. Many farmers build themselves homes in such places, and leave their farms to be cultivated by their sons or by others to whom they are leased. As the number in the little settlement increases, the necessity for more conveniences becomes apparent. Fire protection, sidewalks, and a system of lighting and sewerage may be desired. The property owners residing in the township a distance therefrom have no personal interest in making such improvements, and are loath to contribute by taxation to the expense thereof. The only way in which the residents of such a hamlet can secure them is by having the territory in which they reside incorporated into a village, and the law very properly makes provision therefor in the act above referred to. The territory taken into the village when incorporated is in no way separated from the township. It still remains a part thereof, is subject to taxation therein, and its residents are electors thereof. It is impossible to conceive any manner in which the electors residing in the territory of the township not included in the village are affected by the incorporation. It may, we think, well be said that, as a rule, they are pleased over such incorporation, as such villages afford many conveniences to the farmers living near thereto.

For some reason, however, the legislature in 1919 amended section 5 to read as above set forth. The change made might have some application where a

consolidation or change of boundaries is desired, as was the case in *Oakman* v. *Board of Sup'rs of Wayne Co.,* 185 Mich. 359, but the necessity of securing the assent of any but those who are electors in the territory to be incorporated where such incorporation is sought is not apparent.

The act of 1925, in its proviso at the end of the section, reinstates the language which appeared in section 5 before it was amended in 1919. We cannot but infer that, while the legislature permitted that which precedes it in the 1919 act to remain in it, it was the intention to provide, as is so clearly stated in the proviso, that on the question of incorporating a new village only those should be permitted to vote who were electors residing within the territory proposed to be incorporated.

2. Lack of Discretion in Board of Supervisors. It is urged that the entire act is invalid because it makes it obligatory on the board of supervisors to order an election if the petition presented meets the requirements of the act.

Section 2 provides for a petition, signed by at least 25 qualified electors residing in each of the townships in which the territory proposed to be incorporated is situate. Section 4 provides that the petition must be filed with the clerk of the board at least 30 days before action is taken thereon, and, if the petition is found to conform to the statute, the board shall, by resolution, provide for its submission, as before stated.

The duty devolving on the board of supervisors is purely ministerial. They are not permitted to exercise any judgment except to determine whether the requirements of the statute relative to the petition have been complied with.

The act in question (Act No. 278, Pub. Acts 1909) and that which follows it (Act No. 279, Pub. Acts 1909 [1 Comp. Laws 1915, § 3304 *et seq.*]) were en-

acted pursuant to the mandatory provision of the Constitution (Art. 8, § 20), and have been referred to frequently as home rule acts. The purpose is to confer a greater degree of power upon the electors in the management and control of local affairs. The cases relied on by counsel for the plaintiffs (*Shumway* v. *Bennett*, 29 Mich. 451 [18 Am. Rep. 107], and *Elliott* v. *City of Detroit*, 121 Mich. 611) were decided prior to the passage of these acts. In *Oakman* v. *Board of Sup'rs of Wayne Co., supra,* a petition was presented to the board of supervisors to have certain territory annexed to the city of Detroit. Mr. Justice BIRD, speaking for the court, said:

"Act No. 279 confers jurisdiction upon the board of supervisors, when a showing is made by petition in conformity with the several provisions of the statute. When this showing is made, and is truthful, it appears to be mandatory upon the board to enter an order submitting the question of annexation to the electorate of the territory to be affected by such change. The argument is made that because the act fails to vest the board of supervisors or some other public board with discretion to determine the question, but leaves it to the electorate to decide, the act is void, and this argument is based upon the holding in *Shumway* v. *Bennett*, 29 Mich. 451 (18 Am. Rep. 107). That was a case in which the general village incorporation act of 1873 was held unconstitutional, principally upon the ground that it made it possible for a few petitioners, by the aid of the court, to bring about incorporation of certain territory, where the inhabitants of such territory were opposed to it. We think this case ought not to control the one under consideration. * * *

"The changing of the boundaries of political divisions is a legislative question, and the power to annex territory to municipalities has often been delegated to boards of supervisors or other public bodies. In view of this, we see no valid objection to the power being delegated to boards of supervisors with a referendum attached, especially since the Constitution has recognized the principle of referendum."

The reasoning in that case and in *Cook* v. *Board of Canvassers*, 190 Mich. 149, in which it was cited and quoted from with approval, and in the earlier case of *Attorney General* v. *Detroit Common Council*, 164 Mich. 369, leads to the conclusion that the rights of those affected by the incorporation of a village are fully protected by the submission of the question to a vote of the qualified electors in the territory sought to be included therein, and that the legislature may lawfully delegate to boards of supervisors with a referendum attached the duty of providing for its submission when the requirements of the statute have been complied with.

3. Title to Act. It is urged that the title to the act is insufficient to warrant the provisions contained therein (Art. 5, § 21, Constitution). It has already been quoted. The purpose of the title and its sufficiency were discussed at length in the recent case of *Commerce-Guardian Trust & Savings Bank* v. *State*, 228 Mich. 316. The title to this act is clearly sufficient under the holding in that case.

It follows from what has been said that the bill of complaint will be dismissed, with costs of both courts to defendants.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.