FORD MOTOR COMPANY *v.* VILLAGE OF WAYNE.

DIEHL *v.* SAME.

1. STATUTES—CONSTRUCTION.

Provisions of a statute directly involved in a case are interpreted in accordance with the general plan of the legislature as evidenced by provisions of the act.

2. SAME—PROVISO.

The proper function of a proviso in a statute is to limit, modify, or explain the section of an act of which it is a part.

3. SAME—WISDOM OF LEGISLATION—COURTS.

The wisdom of legislation is for the legislature, and is not within the province of the courts.

4. MUNICIPAL CORPORATIONS—INCORPORATION OF VILLAGES.

The incorporation of a village does not sever it from the township of which it is a part.

5. SAME—INCORPORATION OF CITY.

Incorporation as a city of territory of a village and additional township area means incorporation of a new municipality, of that rank, from township territory.

6. SAME—INCORPORATION OF CITY FROM VILLAGE AND TOWNSHIP AREA.

Incorporation of a city of an area comprising all of the territory of a village and additional contiguous lands in the township not embraced within the village limits involves the incorporation of a new city, and those electors within the entire area proposed to be incorporated voting on the proposition as a unit may determine it (CLS 1956, § 117.9).

7. COSTS—CONSTRUCTION OF STATUTES.

No costs are allowed in suits to enjoin incorporation of a new city, where questions of statutory construction are involved (CLS 1956, § 117.9).

REFERENCES FOR POINTS IN HEADNOTES

[1]  50 Am Jur, Statutes § 303.
[2]  50 Am Jur, Statutes § 436.
[3]  50 Am Jur, Statutes § 380.
[4]  37 Am Jur, Municipal Corporations § 15.
[5, 6]  37 Am Jur, Municipal Corporations § 7 *et seq.*

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 8, 1960. (Docket Nos. 39, 40, Calendar Nos. 48,314, 48,315.) Decided February 25, 1960.

Bill by Ford Motor Company, a Delaware corporation, originally against the Wayne County Board of Canvassers to enjoin certification of election results, and continued in the name of and against interested and affected defendants, the Village of Wayne, the Township of Nankin, certain of their officials, and various individuals comprising a citizens committee, to restrain proceedings necessary to the formation and incorporation of the proposed city of Wayne. Similar action by Leonard Diehl and other taxpayers and freeholders.

Cases heard together and presented together on appeal. Decrees for plaintiffs. Defendant Village of Wayne and its officials appeal. Reversed and decrees ordered to enter dismissing bills.

*William T. Gossett* (*Richard B. Darragh* and *Edward C. Hanpeter,* of counsel), for plaintiff Ford Motor Company.

*William Sempliner,* for plaintiffs Diehl and other taxpayers.

*Russel W. Schmidt,* for defendants Village of Wayne, its officials, and the proposed charter commissioners.

*Nellis & Nellis* (*John J. Nellis,* of counsel), for defendants Township of Nankin and its officials.

Carr, J. These cases have resulted from proceedings instituted to incorporate into a city the present village of Wayne in Nankin township, Wayne county,

and contiguous lands in said township not embraced within the village limits. Involved is the interpretation, and application, of provisions of the so-called city home rule act.* Said proceeding was initiated by a petition, in accordance with the provisions of the statute, setting forth specifically the boundaries of the territory sought to be incorporated as a city. The board of supervisors of the county under date of June 11, 1958, approved the petition and set August 5, 1958, for submission of the question to the electors of the affected area. A separate tally of votes cast by electors within the village and those residing in the balance of the affected area was kept. The proposition was carried by a vote of approximately 7 to 1 within the village, but in the remaining territory there was a majority against incorporation. At said election charter commissioners for the proposed new city were chosen.

Following the election, under date of August 6, 1958, the plaintiff Ford Motor Company filed suit in circuit court to enjoin the board of canvassers of Wayne county from certifying the results of the election on the basis of considering as a unit the entire area sought to be incorporated. It was alleged in the bill of complaint that unless restrained by order of the court. the defendant board would so certify in accordance with its action in a prior case to which specific reference was made. Plaintiff claimed in its pleading that the votes cast within the village and within the territory outside of the village in the affected area should be considered separately, and that the negative vote in the township area had resulted in the defeat of the proposed action. Under date of August 8th a second suit was instituted by plaintiff Diehl and others, taxpayers

---

* PA 1909, No 279, as amended (CL 1948, § 117.1 *et seq.*, as amended [Stat Ann 1949 Rev and Stat Ann 1957 Cum Supp § 5.2071 *et seq.*]).

and registered voters of Nankin township residing in the territory outside the village of Wayne proposed to be included in the new city. The same issue was raised as in the suit brought by Ford Motor Company.

Temporary restraining orders were issued on the filing of the suits, with orders to show cause why the relief sought should not be granted. On the return date of said orders, August 12, 1958, the board of canvassers appeared by its attorney who advised the court that the board had no interest in the outcome of the suits. It was suggested that interested parties be joined, and accordingly the court ordered that the village of Wayne and its officers, the township of Nankin and its officers, the elected charter commissioners of the proposed city, and the members of a so-called "Citizens' Committee" organized to promote the incorporation of the city of Wayne, be added as parties defendant to the cause. Thereafter the village of Wayne filed motions to dismiss the cases, which were denied. Answers were then filed on behalf of the defendants. The cases were transferred to the trial call and duly submitted. The circuit judge, as indicated by the opinion filed by him, came to the conclusion that under pertinent provisions of the city home rule act, above cited, the incorporation of the proposed new city required an affirmative vote within the village of Wayne and likewise in the territory within the township outside of said village included in the proposed city, voting separately. Decrees were entered in accordance with the opinion, granting the relief sought by the plaintiffs. The village of Wayne has appealed from said decrees, and other defendants added by order of the court have joined therein.

In the trial court these cases were argued and submitted together and like course has been followed on

the appeals. The question presented is whether pertinent provisions of the city home rule act as amended require that, in an election to incorporate as a city a village and contiguous territory located in the same township, an affirmative majority of the votes within such village, and a like majority in the territory to be included in the area affected outside of the village, is required in order to accomplish the proposed action. Concededly the problem presented is one of statutory construction. This requires that applicable provisions be interpreted in accordance with the general plan of the legislature as evidenced by the provisions of the act. Section 9 of the statute (CLS 1956, § 117.9 [Stat Ann 1957 Cum Supp § 5.2088]) has specific reference to the "affected district" in cases of incorporation, consolidation, or change of boundaries, indicating the procedure to be followed in each such proceeding, with particular reference to the question as to who may vote in each, and the basis for determining the result. Said section reads as follows:

"The district to be affected by every such proposed incorporation, consolidation or change of boundaries shall be deemed to include the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed: Provided, however, That when a territory is proposed to be incorporated as a city only the residents of the territory to be incorporated shall vote on the question of incorporation: Provided further, That when a petition signed by the State by the appropriate agency designated by the State administrative board which holds the record legal title to the entire area of the land in the territory adjacent to the city to be annexed, is filed with the governing body of said city and with the township board of the township in which such territory is situated, such annexation may be accomplished by the affirmative ma-

jority vote of the governing body of such city and the approval of the township board of such township. Any proposed consolidations or changes of boundaries shall be submitted to the qualified electors of the city, and to the qualified electors of the city, village or township from which the territory to be taken is located, and at the election when said question is voted upon, the city, village or township shall conduct the election in such manner as to keep the votes of the qualified electors in the territory proposed to be annexed or detached in a separate box from the one containing the votes from the remaining portions of such city, village or township: Provided, however, That territory may be attached or detached to or from cities having a population of 15,000 or less if a majority of the electors voting on the question in the city to or from which territory is to be attached or detached, and a majority of the electors from that portion of the territory to be attached or detached, as the case may be, both vote in favor of such proposition. If the returns of said election shall show a majority of the votes cast in the district to be annexed, voting separately, to be in favor of the proposed change of boundary, and if a majority of the electors voting in the remainder of the district to be affected as herein defined, voting collectively, are in favor of the proposed change of boundary, then such territory shall become a part of the corporate territory of the city or shall be detached therefrom, as the case may be. If no qualified electors reside in the territory proposed to be annexed or detached at the time of filing said petition with the clerk of the board of supervisors, as provided in section 8 of this act, and if a majority of the electors voting in the district to be affected as herein defined, voting collectively, are in favor of the proposed change of boundaries, then such territory shall become a part of the corporate territory of the city or shall be detached therefrom, as the case may be. Where the territory proposed to be annexed to any city is adjacent to said city and con-

sists of a park or vacant property located in a township and owned by the city annexing the same, and there is no one residing thereon, such territory may be annexed to said city solely by resolution of the city council of said city or in any case where the territory proposed to be annexed is adjacent to said city and consists of fractional parts of platted subdivision lots, located in an adjoining city, village, or township, such annexation may also be accomplished by the affirmative majority vote of the legislative body of such city and the approval of the legislative body of such adjoining city, village or township: Provided further, That as an alternate method, where there are no qualified electors residing in the territory proposed to be annexed to said city, other than the person or persons petitioning, a petition signed by a person or persons, firms, corporations, the United States government, or the State or any of its subdivisions who collectively hold the record legal title to more than 1/2 of the area of the land in the territory to be annexed is filed with the city council of said city and with the township board of the township in which such territory is situated, such annexation may be accomplished by the affirmative majority vote of the city council of such city and the approval of the township board of such township: Provided further, That at least 10 days prior to the approval by the township board, the township treasurer shall notify, personally or by registered mail with return receipt demanded, the owners of all real property in the territory to be annexed as shown on the assessment rolls of the township at the last known address on file with the township treasurer. This section shall not be construed so as to give any city the authority to proceed hereunder to attach territory from any other city unless the question relative thereto has been voted upon by the voters of the entire cities affected, except as hereinbefore specifically provided, where the territory proposed to be annexed is adjacent to

a city and consists of fractional parts of platted subdivision lots, located in an adjoining city."

The first proviso of the section as above quoted, on which appellants in the instant cases rely, was inserted by PA 1931, No 314. As indicated in *Luce* v. *State Highway Commissioner,* 181 Mich 599, 603, the proper function of a proviso is "to limit, modify, or explain" the section of an act of which it is a part. Presumably its purpose as used in the above quotation was to clarify the section and to obviate questions raised as to who may vote on the question of incorporating a city from territory. It will be noted that it does not in express terms direct the manner in which the votes shall be canvassed. The intent in such regard must necessarily be gleaned from the general plan as indicated by the entire section, including said proviso. It is, we think, obvious that the legislature had in mind that proceedings for the incorporation of a new city under circumstances of the character involved in the instant cases shall not follow the pattern specified in instances where it is sought to attach property to a municipality, or to detach it, or to consolidation proceedings.

In the case of *Presque Isle Prosecuting Attorney* v. *Township of Rogers,* 313 Mich 1, quo warranto proceedings were instituted by the plaintiff to test the legality of the incorporation of the city of Rogers City. In said incorporation the village of Rogers City and some parts of Rogers township outside the village limits were included. At the election held in accordance with the statute only those electors residing within the territory to be incorporated were permitted to vote. The proposition carried in the village and also in the territory outside of the village, the votes being cast in such manner as to permit them to be counted separately. The precise question in the case at bar was not, in consequence,

involved, but it was contended on behalf of the plaintiff that qualified electors residing in the township outside of the territory proposed to be included in the incorporation should have been allowed to vote on the issue.  This contention necessarily involved the interpretation of the same statutory provisions that have been invoked in the instant controversy, particularly with reference to any possible claim that we are here concerned with the problem of consolidation as well as of incorporation.  In upholding the decision of the circuit court of Presque Isle county that the city had been properly incorporated, it was said (pp 5, 6):

"At the election in question only qualified electors in the territory proposed to be incorporated were allowed to vote.  Appellant contends that by including the incorporated area of the village of Rogers City with a part of Rogers township outside of the village to make up the territory proposed to be incorporated as a home rule city, under other provisions in section 9 the instant case must be construed as a 'consolidation' as distinguished from a 'new incorporation' and that therefore a vote of the 'district to be affected,' *i.e.,* the entire township, was necessary.  This might have been true prior to the amendment of 1931.  However, under the 1931 amendment, it is quite obvious that the present proposal was to incorporate a new city, although of course it involved a consolidation of territory into the new municipality.  The adoption of the above-quoted 1931 amendment to the act has made applicable to the incorporation of new cities the construction given by this Court to the corresponding statute governing the incorporation of a new village,* in *Bray* v. *Stewart,* 239 Mich 340, namely, that only those residing within the territory proposed to be incorporated

* "CL 1915, § 2843 *et seq.,* as amended by PA 1919, No 395, and PA 1925, No 90.  (See CL 1929, § 1763 *et seq.*  [CL 1948, § 78.1 *et seq.,* Stat Ann § 5.1511 *et seq.*]—Reporter.)"

should be permitted to vote. The 1931 amendment to the city home rule act, following shortly after that decision, removed the distinction between those who might vote on the proposed incorporation of a village and of a city under like circumstances.

"It may be admitted that the voters and taxpayers in the remaining part of the township have an interest in seeing that a part of the township property is not removed from the township tax rolls, but the legislature has seen fit to declare that the residents in the remaining part of the township cannot defeat the will of the residents in that part who desire that their territory be made a part of the newly incorporated city. As we have often repeated, the wisdom of legislation is for the legislature, and not within the province of the court. The claim of appellant that this is a consolidation or change of boundary within the meaning of other provisions of said section 9, and not the incorporation of a new city, is not tenable although unquestionably there is some conflict and much ambiguity between different expressions in the statute. Prior to the election there was no *city* in this area, hence it is not a consolidation, or a change of boundaries, of a *city* with a village or other territory, or of 2 cities; neither is it a consolidation of 2 villages. It seems to us that the claim that it is a 'consolidation' of a village and additional territory is untenable because the result is not a *village* with additional territory; the result is a newly incorporated city. The 1931 amendment as to who may vote adds strength to this construction of the legislative intent. Under existing statute law the residents of that part of Rogers township outside of the territory proposed to be included in the new corporation were not entitled to vote on the question of incorporation."

The Court further determined that the inclusion of certain territory, including that of the Michigan Limestone & Chemical Company, was not unreasonable. The discussion in this regard is significant in

view of the claims of plaintiffs in the instant cases as set forth in their respective bills of complaint.

Counsel for appellants emphasize the proposition that the village of Wayne is a part of the township of Nankin.   Property within the village is taxed for township purposes.   Its residents who are qualified electors participate in township elections.   Its incorporation by act of the legislature in 1869* did not sever it from the township of which it was a part. Such status has continued over the years and under its present home rule charter.   The status of a village differs materially from that of a city.

We are not confronted here with a situation involving the annexation of contiguous territory to the village, nor of a consolidation pursuant to the provisions of the statute.   Incorporation as a city of the area concerned means incorporation of a new municipality, of that rank, from township territory. In *City of Dearborn* v. *Village of Allen Park,* 348 Mich 449, plaintiffs sought injunctive relief to prevent the incorporation of the village of Allen Park, and contiguous territory in the same township, as the city of Allen Park.   The petition presented to the board of supervisors for the submission of the question of such incorporation was found to be sufficient, and said board adopted a resolution so declaring and fixing a date for the holding of an election in the district affected thereby.   Thereupon plaintiffs instituted suit to set aside the resolution of the supervisors and for injunctive relief against the election ordered.   It was the claim of the plaintiffs in the case that the petition filed was fatally defective in that the boundaries of the proposed new city would embrace all lands lying within the existing village of Allen Park, with additional uninhabited lands outside of said village.   It was insisted that

* PA 1869, No 394.—REPORTER.

inasmuch as there were no residents of the territory outside the village that it was necessary under the statute that the petition be signed by persons, firms, or corporations, collectively holding record title to more than 1/2 of the area of the uninhabited lands. Obviously the board of supervisors proceeded on the assumption that electors residing within the village limits were also electors of the township and, hence, that the petition, being signed by a sufficient number of such residents, complied with the statute. It appeared in the case that 2 of the plaintiffs, Ford Motor Company and Detroit, Toledo & Ironton Railroad Company, owned the record legal title to more than 1/2 of the area, exclusive of the village, included within the boundaries of the proposed city. Said corporations did not sign the petition and the question arose, in consequence, as to its sufficiency.

In sustaining the action of the board of supervisors the trial judge filed an opinion, from which this Court quoted as follows (p 453) :

"On this question I am likewise constrained to and do hold that in the village of Allen Park, being wholly within the township of Ecorse, the signers of the petition were not only residents of the village but likewise were residents of the township for the purpose of the question in dispute. Not to labor the point—but those familiar with the various divisions of State, county, village and township governments know that all real property in a township is assessed by the township supervisor; township taxes are collected and many other activities are performed by township officers. It is and has been a very important unit of government and all lands within its borders are subject to its laws until such time as territory is taken from the township and take their rank as municipalities. For those reasons I feel that the petitions merely containing all signatures from the village carry a dual purpose and conform to legal requirements."

In affirming the decree entered dismissing the suit, it was said (pp 454, 455):

"In the case at bar the petition prayed for the incorporation of a city which included the village of Allen Park and additional uninhabited lands. In *Presque Isle Prosecuting Attorney* v. *Township of Rogers,* 313 Mich 1, it was held that when petitions are filed for the incorporation of territory which includes a village and additional unincorporated area, it is a new incorporation and not a consolidation or annexation, hence the statutes applicable to consolidation or annexation do not necessarily govern for the incorporation of a city.

"In annexation or consolidation the people interested are the people in the annexing municipality, the people in the area to be annexed and the people in the area from which the annexed portion is taken, but in the incorporation of a new city the people interested and the area affected consist of the area proposed to be incorporated only. It follows that only those living within the affected area can petition for the incorporation and vote for or against the resolution.

"The following provision is contained in CLS 1954, § 117.9 (Stat Ann 1955 Cum Supp § 5.2088):

" 'Provided, however, that when a territory is proposed to be incorporated as a city only the residents of the territory to be incorporated shall vote on the question of incorporation.'

"The statute (CL 1948, § 117.6 [Stat Ann 1949 Rev § 5.2085]) provides that the petition shall be signed by not less than 1% of the qualified electors and freeholders residing within the affected area and not less than 10 of the signatures shall be obtained from each city, village or township to be affected by the proposed change. We hold that electors residing in Allen Park are also citizens of the township."

The decision in the *Allen Park Case,* as indicated by the language quoted, rested on the theory that

the village and the territory in the township beyond the village limits, within the boundaries of the proposed city, constituted a single unit, and that, in consequence, a petition signed only by township electors residing in the village complied with the statute.  By like process of reasoning it must be held in the instant controversy that in voting on the proposition of incorporation the village of Wayne and the township territory contiguous thereto, as described in the petition presented to the board of supervisors, constituted a single territorial unit, that voters living within the village and participating in said election were township electors, that for the purposes of the incorporation the village was and is part of the township and, hence, the vote cast in territory to be incorporated into the city must be considered on the basis of all votes cast in the "territory to be incorporated."  Such holding is consistent with the language of the first subdivision of section 9 of the city home rule act, and with the prior decisions, above cited, involving the interpretation of provisions of said act.  It is likewise in accord with the holding in the case of *Bray* v. *Stewart*, 239 Mich 340, 344, where, in emphasizing the fact that a village is a part of the township in which it is located, it was said:

"The territory taken into the village when incorporated is in no way separated from the township. It still remains a part thereof, is subject to taxation therein, and its residents are electors thereof.  It is impossible to conceive any manner in which the electors residing in the territory of the township not included in the village are affected by the incorporation."

The case of *Taliaferro* v. *Genesee County Supervisors*, 354 Mich 49, to which counsel have called attention, involved facts of a nature different from

those in the instant cases. There the incorporation sought involved the consolidation of existing municipalities. Here we are concerned with the attempted incorporation of a city from territory within a township. The fact that such territory comprised a village as well as other lands within said township does not alter the situation, the village being part of the township and voters living therein being township electors. It may be noted also that *Cook* v. *Kent County Board of Canvassers,* 190 Mich 149, and *Walsh* v. *Secretary of State,* 355 Mich 570, involved annexation proceedings subject to specific provisions of the statute that are not of controlling significance in the cases now before the Court.

Decrees will enter in this Court dismissing the bills of complaint in the cases now before us. Questions of statutory construction being involved, no costs are allowed.

Dethmers, C. J., and Kelly, Smith, Edwards, Kavanagh, and Souris, JJ., concurred.

Black, J., did not sit.