VILLAGE OF NOVI v. SECRETARY OF STATE.

1. MUNICIPAL CORPORATIONS—HOME-RULE CITIES—ANNEXATION OF PART OF VILLAGE.

Provision of home-rule city act that "the district to be affected by every such proposed incorporation, consolidation or change of boundaries shall be deemed to include the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed" indicates an intention of the legislature that territory constituting a part of a village might be annexed to a city (CLS 1956, § 117.9).

2. SAME—HOME-RULE CITIES—ANNEXATION—VILLAGES.

Election on question of annexation to a home-rule city having a population of less than 15,000 of portion of territory of a village was properly restricted by secretary of State to the city and to the territory proposed to be annexed, the territory within a village being also a part of the township in which located (CLS 1956, § 117.9).

3. SAME—ANNEXATION OF VILLAGE TERRITORY TO HOME-RULE CITY —DIVISION OF ASSETS.

It is unnecessary that before a part of a village can be annexed to a home-rule city it must first be detached from the village under the village home-rule act in view of provisions of the city home-rule act with respect to annexation to cities and relating to division of assets and liabilities (CL 1948, § 78.9; CLS 1956, §§ 117.9, 117.14).

4. COSTS—PUBLIC QUESTION—ANNEXATION OF VILLAGE TERRITORY TO HOME-RULE CITY.

No costs are allowed in quo warranto proceeding by home-rule village challenging validity of annexation of some of village's territory to defendant home-rule city without previous detachment of the territory involved from plaintiff village, a public question being involved (CLS 1956, §§ 117.9, 117.14).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 37 Am Jur, Municipal Corporations § 23 et seq., § 107.
[4] 14 Am Jur, Costs § 37.

Original information in the nature of quo warranto by the Village of Novi, a municipal corporation, and Joseph Crupi against James M. Hare, as Secretary of State, and the City of Northville, a municipal corporation, challenging validity of special election and resulting vote approving annexation.    Submitted January 10, 1961.    (Docket No. 58, Calendar No. 48,853.)    Relief sought by plaintiff denied and information dismissed April 26, 1961.

*Howard I. Bond* and *Thomas J. Dillon,* for plaintiffs.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *G. Douglas Clapperton,* Assistant Attorney General, for defendant Secretary of State.

*Philip R. Ogilvie,* for defendant City of Northville.

Carr, J.    The defendant city of Northville is located in the counties of Wayne and Oakland.    It is conceded that its population at the time of the proceedings in question here was less than 15,000.    Territory has heretofore been annexed to it from the township of Novi in Oakland county.    PA 1958, Appendix, p 403.

The proceedings involved in the instant case were initiated by a petition filed with the secretary of State under the provisions of the city home-rule act[*] for the annexation to the city of Northville of lands in the township of Novi, description of which was set forth in said petition.    Embraced within the description was 135 acres of unplatted land in the village of Novi, plaintiff herein.    By stipulation of the parties there has been filed in this Court a photostatic copy

---

[*] PA 1909, No 279, as amended (CL 1948, § 117.1 *et seq.,* as amended [Stat Ann 1949 Rev and Stat Ann 1959 Cum Supp § 5.2071 *et seq.*]).

of said petition. The secretary of State on examination concluded that it complied with the statute, and the exhibit before us supports such conclusion. It appears therefrom that there were 31 signers of the petition who were qualified electors and freeholders in the village of Novi, the circulators of said petition duly verifying under oath the facts in this respect. No question is raised as to the number of signers from the city of Northville or from the township of Novi, and the undisputed facts appearing from the exhibit indicate that there were more than the statutorily required number of 25 signatures of qualified electors from the village. CLS 1956, § 117.11 (Stat Ann 1959 Cum Supp § 5.2090).

In accordance with his conclusions the secretary of State certified that the petition conformed to the provisions of the statute and directed that an election be held on March 28, 1960, at which the question of annexation of the described property to the city of Northville should be determined. Such election was duly held in said city and in the portion of the territory proposed to be annexed. The proposal carried in the city by an affirmative vote of 289 to 144, and within the territory proposed to be annexed the vote was 53 to 9 in favor of such action. No election was held in the balance of the village of Novi from which a portion of the territory was proposed to be taken.

Plaintiffs herein challenge the validity of the election in a *quo warranto* proceeding, the information being filed by permission of this Court. It is the position of plaintiffs that the question of the proposed annexation should have been submitted to all of the qualified electors of the village of Novi. The claim in this respect is predicated on the provisions of the village home-rule act.* Defendants assert

---

* PA 1909, No 278, as amended (CL 1948, § 78.1 *et seq.*, as amended [Stat Ann and Stat Ann 1959 Cum Supp § 5.1511 *et seq.*]).

that the village act is in no way involved in the instant proceedings, and point out that its provisions relate to the incorporation of villages, to the annexing of territory thereto, and to the detaching of territory therefrom which, when detached, assumes the status that it had before becoming a part of the village. CL 1948, § 78.9 (Stat Ann § 5.1519). Its provisions do not govern the annexation of territory to cities, which is fully covered by the provisions of the city home-rule act above cited.

Section 9 of the act under which the present proceedings were instituted declares that:

"The district to be affected by every such proposed incorporation, consolidation or change of boundaries shall be deemed to include the whole of each city, village or township from which territory is to be taken or to which territory is to be annexed." CLS 1956, § 117.9 (Stat Ann 1959 Cum Supp § 5.2088).

It will be noted that the language above set forth indicates that it was the intention of the legislature that territory constituting a part of a village might be annexed to a city. The provision quoted is subject to certain provisos, among which is:

"That territory may be attached or detached to or from cities having a population of 15,000 or less if a majority of the electors voting on the question in the city to or from which territory is to be attached or detached, and a majority of the electors from that portion of the territory to be attached or detached, as the case may be, both vote in favor of such proposition."

That the instant proceedings were subject to this proviso is not open to question. As before mentioned, the population of Northville was less than 15,000. In consequence, the election on the question of annexation as ordered by the secretary of State was properly restricted to the city of Northville

and to the territory proposed to be annexed. The portion of such territory within the village of Novi was also a part of the township. *Ford Motor Company* v. *Village of Wayne,* 358 Mich 653, and prior decisions there cited. Counsel for plaintiffs have suggested in argument that before a part of a village can be annexed to a city it must first be detached from the village under the provisions of the village home-rule act. The argument is inconsistent with the statutory provisions governing the instant proceedings.

As further indicating the intention of the legislature attention is called to section 14 of the city home-rule act (CLS 1956, § 117.14 [Stat Ann 1959 Cum Supp § 5.2093]) which relates to the division of assets and liabilities in annexation proceedings. Said section prescribes the manner of division of both real and personal property whenever "a part of a city, village or township is annexed to a city." Such provisions are in recognition of the intent of the legislature that a part of a village may be annexed to a city, in which event rights and equities shall be adjusted in the prescribed manner. The village home-rule act on which plaintiffs rely contains no provisions for property adjustments in the case of an annexation of territory to a city. Obviously such provisions would not be within the scope of the purpose of said act.

In view of the intent of the legislature as indicated in the city home-rule act, we do not think that further discussion of the matters raised by counsel is required. An order will enter denying the relief sought by plaintiffs and dismissing the information. In view of the nature of the controversy, no costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.