FIFE LAKE TOWNSHIP v GRAND TRAVERSE COUNTY

Docket No. 86087. Submitted January 6, 1987, at Grand Rapids. Decided April 7, 1987.

Fife Lake Township and Everett Metro brought an action in the Grand Traverse Circuit Court against Grand Traverse County, Traverse City and the Traverse Area District Library to invalidate the election which approved the establishment of defendant Traverse Area District Library. The court, Charles M. Forster, J., granted accelerated and summary judgment for defendants, ruling that the votes were properly counted. Plaintiffs alleged that the proposition failed because, in the county outside the city limits of Traverse City, more votes were cast against the measure than for it. Plaintiffs appealed.

The Court of Appeals *held:*

The statute provides that a majority of those voting on the question in any municipality is necessary for the adoption of a proposal for the establishment and operation of a district library. The term "municipality" includes counties. The votes were properly counted.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The primary goal of judicial construction of statutes is to ascertain and give effect to the intent of the Legislature; the words of the statute are the best source for ascertaining legislative intent.

2. ELECTIONS — LIBRARIES.

A majority of those voting on the question in any municipality is necessary for the adoption of a proposal for the establishment and operation of a district library; the term "municipality" includes counties (MCL 397.271, 397.272[2]; MSA 15.1780[1], 15.1780[2][2]).

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 168, 170, 341.

Am Jur 2d, Statutes §§ 272, 300, 309.

Supreme Court's views on weight to be accorded to pronouncements of legislature, or members of legislature, respecting meaning or intent of previously enacted statutes. 56 L Ed 2d 918.

*Mark A. Hullman,* for plaintiffs.

*W. Peter Doren,* for defendant City of Traverse City.

*John D. Foreman,* Prosecuting Attorney, and *Dennis LaBelle,* Chief Assistant Prosecuting Attorney, for defendant County of Grand Traverse.

Before: MACKENZIE, P.J., and WEAVER and J. E. ROBERTS,* JJ.

J. E. ROBERTS, J. Plaintiffs, Fife Lake Township and Everett Metro, appeal orders of accelerated judgment and summary judgment which resulted in dismissal of their claims against all of the defendants. Plaintiffs sought to invalidate an election which approved a consolidated, county-wide library district. Judgment for defendants was granted on various grounds, including the circuit court's ruling that the votes cast in the election were properly counted pursuant to MCL 397.272; MSA 15.1780(2). We find that ruling dispositive and affirm.

The disputed election, held November 8, 1983, proposed to the electorate that defendant Traverse Area District Library be established and financed by a tax levy of not more than 0.6 mills. As certified by the Board of County Canvassers, the proposition passed with 3,243 votes in favor and 2,932 opposed. Included in the vote total were the ballots of residents of defendant Traverse City, a municipality wholly within the boundaries of defendant Grand Traverse County. Within Traverse City, votes cast in favor of the proposition were 1,720, and opposing votes numbered 713. For county residents exclusive of Traverse City, 1,523

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

votes were cast in favor, while 2,219 opposing votes were cast.

Plaintiffs maintain that the votes of Traverse City residents were improperly included in the total county vote. That is, plaintiffs would have Traverse City electors' ballots counted separately from those of the remaining county residents, and would require that the county's proposition .pass by a majority of votes exclusive of the Traverse City vote.

The creation of a district library system is authorized by MCL 397.271; MSA 15.1780(1), which provides:

> Any municipality empowered by law to establish or maintain libraries or library services may cooperatively develop a plan and unite with any other municipality or municipalities for the establishment and operation of a district library.
>
> The term "municipalities" as used in this act shall include cities, villages, school districts, townships and counties.

The procedure necessary to form such a library district is set forth in MCL 397.272; MSA 15.1780(2):

> (1) The proposal to unite for the establishment and operation of a district library shall be submitted to the governing or legislative body of each municipality in the proposed district, and the vote of a majority of the members of each of those bodies shall be necessary for the adoption of the proposal.
>
> (2) If the governing or legislative body of a municipality submits the proposal for the establishment and operation of the district library to a vote of the people, a majority of those voting on

the question in the municipality shall be necessary for the adoption of the proposal.

We disagree with plaintiffs' interpretation of MCL 397.272; MSA 15.1780(2). The primary goal of judicial construction of statutes is to ascertain and give effect to the intent of the Legislature. The words of the statute are the best source for ascertaining legislative intent. *In re Harris Estate*, 151 Mich App 780, 784; 391 NW2d 487 (1986). In marked contrast to subsection (1), subsection (2) of MCL 397.272; MSA 15.1780(2) contains no language requiring separate vote counts. Rather, subsection (2) refers to an election "in the municipality" as a whole, which, by statutory definition, includes an entire county. We thus read these provisions in pari materia, *Parks v DAIIE*, 426 Mich 191, 199; 393 NW2d 833 (1986), and conclude that, if the Legislature had intended separate vote counts under subsection (2), it would have so provided. See, *City of Saugatuck v Saugatuck Twp*, 157 Mich App 52; 403 NW2d 100 (1987). The residents of Traverse City are also residents of Grand Traverse County and, as qualified electors of that county, are entitled to have their ballots included in the county's voting results. Cf., *Ford Motor Co v Village of Wayne*, 358 Mich 653, 666-667; 101 NW2d 320 (1960).

Plaintiffs' analogies to other statutory schemes are unpersuasive. Unlike zoning and annexation legislation, we see no legislative policy here to protect rural areas from urban voting blocks. Compare, *Ford Motor Co v Village of Wayne, supra,* and *Cook v Kent County Bd of Canvassers,* 190 Mich 149, 154-155; 155 NW 1033 (1916).

The circuit court's order of summary judgment in favor of all defendants is affirmed.