C. G. GOMILLION, Celia B. Chambers, Alma R. Craig, Frank H. Bentley, Willie D. Bentley, Kenneth L. Buford, William J. White, Augustus O. Young, Jr., Nettie B. Jones, Detroit Lee, Delia D. Sullivan and Lynnwood T. Dorsey, on behalf of themselves and others similarly situated, Plaintiffs,

v.

Phil M. LIGHTFOOT, as Mayor of the City of Tuskegee, G. B. Edwards, Jr., L. D. Gregory, Frank A. Oslin, W. Foy Thompson and H. A. Vaughan, Jr., as Members of the Tuskegee City Council, O. L. Hodnett, as Chief of Police of the City of Tuskegee, Alabama, E. C. Leslie, Charles Huddleston, J. T. Dyson, F. C. Thompson and Virgil Guthrie, as Members of the Board of Revenue of Macon County, Alabama, Preston Hornsby, as Sheriff of Macon County, Alabama, William Varner, as Judge of Probate of Macon County, Alabama, City of Tuskegee, Ala., a municipal corp., Defendants.

Civ. A. No. 462–E.

United States District Court
M. D. Alabama, E. D.

Oct. 29, 1958.

10. In re Sayre Village Manor, D.C.N.J. 1954, 120 F.Supp. 215.

Fred Gray, Montgomery, Ala., for plaintiffs.

Hill, Hill, Stovall & Carter, Montgomery, Ala., and Harry D. Raymon, Tuskegee, Ala., for defendants.

JOHNSON, District Judge.

This is an action brought by the plaintiffs, and the class they represent, against the defendants, who are officials of the municipality of Tuskegee, Alabama, members of the Board of Revenue of Macon County, Alabama, and officials of Macon County, Alabama, in which county the municipality of Tuskegee is located. The action seeks a declaratory judgment, rendering invalid Act No. 140 enacted by the Legislature of the State of Alabama during its 1957 Regular Session. Plaintiffs allege that said Act is invalid in that it is, as to them and the class they represent, in violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and also in violation of the Fifteenth Amendment of the Constitution of the United States. Plaintiffs also seek to have this Court enjoin the above-named defendants in their official capacity from enforcing and executing the Act as to them and those that are similarly situated.

The matter is now submitted to the Court upon the motion of the defendants seeking to have this Court dismiss the complaint. This motion to dismiss raises

the issues that the complaint fails to state a claim against these defendants upon which relief can be granted and lack of jurisdiction insofar as this Court is concerned. More specifically, in their motion to dismiss, these defendants state that this Court, and any other court, does not have the authority or jurisdiction to declare void a duly and lawfully enacted statute of the State of Alabama fixing and determining the corporate limits of a municipality. The defendants argue that the fixing of boundaries of a municipal corporation in the State of Alabama is a matter for the Legislature of the State of Alabama, acting in accordance with the State Constitution and is not, in instances such as this, subject to the jurisdiction, the control, or the supervision of the Federal courts. The defendants argue, further, that it is outside the jurisdiction of the Federal courts to ascertain or inquire into, to question or determine the wisdom or the policy of the Legislature of the State of Alabama in fixing and determining the boundaries of a municipal corporation in this State.

The matter is also submitted upon the motion of these defendants seeking to have this Court strike plaintiffs' complaint upon the ground that the complaint is not in accordance with Rule 8 (e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In this motion, defendants state that the complaint contains matters that are redundant, immaterial, and impertinent. Generally, the matters set out in the complaint, of which defendants complain in their motion to strike, relate to the motive or motives of the Legislature of the State of Alabama in passing the Act in question.

On July 15, 1957, the Legislature of the State of Alabama, in its Regular Session, passed Special Act No. 140. This Act is entitled, "An Act To alter, re-arrange, and re-define the boundaries of the City of Tuskegee in Macon County." The Act then describes in detail the territory the Legislature intends to be included within the municipality of Tuske-

gee, Alabama, and specifically excludes all territory lying outside such described boundaries. Prior to the passage of Act No. 140, the boundaries of the municipality of Tuskegee formed a square, and, according to the complaint the defendants seek to strike and dismiss, contained approximately 5,397 Negroes, of whom approximately 400 were qualified as voters in Tuskegee, and contained approximately 1,310 white persons, of whom approximately 600 were qualified voters in said municipality. As the boundaries are redefined by said Act No. 140, the municipality of Tuskegee resembles a "sea dragon." The effect of the Act is to remove from the municipality of Tuskegee all but four or five of the qualified Negro voters and none of the qualified white voters. Plaintiffs state that said Act is but another device in a continuing attempt to disenfranchise Negro citizens not only of their right to vote in municipal elections and participate in municipal affairs, but also of their right of free speech and press, on account of their race and color.

In connection with defendants' motion to strike plaintiffs' complaint upon the ground that it violates Rule 8(e) of the Federal Rules of Civil Procedure, it is the opinion of this Court that the question of whether a complaint or, for that matter, any pleading violates said rule is dependent upon the circumstances of the particular case. For one of the several recent cases upholding this proposition, see Atwood v. Humble Oil & Refining Company, 5 Cir., 1957, 243 F.2d 885. In other words, as to what is a short and plain statement of claim, as to what constitutes redundant, immaterial, or impertinent matters, within the meaning of this rule, depends upon the particular case involved. This Court is of the opinion that in this case the complaint does not violate Rule 8(e) and that defendants' motion to strike should be overruled and denied.

In passing upon the merits of defendants' motion to dismiss, it is first necessary to determine by what authority the Alabama Legislature in this instance

acted. In this connection it appears that subsection 18 of § 104 of the Constitution of Alabama of 1901 authorizes the Legislature of the State of Alabama to pass acts such as Act No. 140 passed at the 1957 Regular Session. That particular section of the Constitution of Alabama reads as follows:

"(18) Amending, confirming, or extending the charter of any private or municipal corporation, or remitting the forfeiture thereof; *provided, this shall not prohibit the legislature from altering or rearranging the boundaries of the city, town, or village.*" (Emphasis supplied.)

The Supreme Court of the State of Alabama has the same authority insofar as the Constitution of the State of Alabama is concerned, that the Supreme Court of the United States has insofar as the Constitution of the United States is concerned. The authority of each court in interpreting and passing upon questions arising out of the respective Constitutions is supreme. See Willys Motors, Inc., v. Northwest Kaiser-Willys, Inc., D.C., 142 F.Supp. 469 and the cases cited therein. The Supreme Court of the State of Alabama has held that the above-quoted part of the Constitution of Alabama permits legislation by local law concerning the alteration or rearrangement of cities, towns, or villages without regard to the general law on the subject. See City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61, and State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373. Thus this Court must and does now conclude that the Legislature of the State of Alabama had, under the Constitution of the State of Alabama and the interpretation of that Constitution by the Supreme Court of the State of Alabama, the authority to pass the Act in question.

This Court must therefore now proceed to a determination of the question as to whether or not the legislature of a state, or the state acting through its duly elected legislature, may, within the limits of its authority and without any interference from the Federal courts, when there is no restraint on said acts specifically made by the Federal Constitution, pass an act such as Act No. 140 of the 1957 Regular Session of the Legislature of the State of Alabama. To put the question more concisely, can the legislature of a state arbitrarily change the territorial limits of a municipality within the state? There is a considerable amount of general law on the subject. The principles are stated in 16 C.J.S. Constitutional Law § 145 page 706, and 37 Am.Jur., Municipal Corporations, page 652. However, it is not necessary for this Court to rely upon general propositions in deciding this particular question, since the Federal courts have been faced with similar questions for many years. One of the earlier cases, and possibly the leading case on the subject, is Laramie County Com'rs v. Albany County, 1875, 92 U.S. 307, 23 L. Ed. 552. In that case the Supreme Court of the United States, commenting upon the authority of the legislature to control political subdivisions within the state, said:

"Counties, cities, and towns are municipal corporations, created by the authority of the legislature; and they derive all their powers from the source of their creation, except where the constitution of the State otherwise provides."

\* \* \* \* \* \*

"Unless the Constitution otherwise provides, the legislature still has authority to amend the charter of such a corporation, enlarge or diminish its powers, extend or limit its boundaries, divide the same into two or more, consolidate two or more into one, overrule its action whenever it is deemed unwise, impolitic, or unjust, and even abolish the municipality altogether, in the legislative discretion. Cooley on Const., 2d ed., 192."

Further in the opinion the court stated:

"Opposition is sometimes manifested; but it is everywhere acknowledged that the legislature possesses the power to divide counties

and towns at their pleasure, and to apportion the common property and the common burdens in such manner as to them may seem reasonable and equitable. [Cases cited]."

Approximately four years later, the Supreme Court of the United States was faced with a similar question in the case of Town of Mount Pleasant v. Beckwith, 1879, 100 U.S. 514, 25 L.Ed. 699. Again the Supreme Court recognized the authority of the State, acting through its duly elected and convened legislative body, when it stated:

"Counties, cities, and towns are municipal corporations created by the authority of the legislature, and they derive all their powers from the source of their creation, except where the Constitution of the State otherwise provides."

\* \* \* \* \* \*

"Corporations of the kind are composed of all the inhabitants of the territory included within the political organization, each individual being entitled to participate in its proceedings; but the powers of the organization may be modified or taken away at the mere will of the legislature, according to its own views of public convenience, and without any necessity for the consent of those composing the body politic."

\* \* \* \* \* \*

"Powers of a defined character are usually granted to a municipal corporation, but that does not prevent the legislature from exercising unlimited control over their charters. It still has authority to amend their charters, enlarge or diminish their powers, extend or limit their boundaries, consolidate two or more into one, overrule their legislative action whenever it is deemed unwise, impolitic, or unjust, and even abolish them altogether, in the legislative discretion, and substitute in their place those which are different. Cooley, Const. Lim., (4th ed.) 232."

Probably one of the most emphatic statements to come from the Supreme Court of the United States on this proposition is in the case of Hunter v. City of Pittsburgh, 1907, 207 U.S. 161, 28 S.Ct. 40, 45, 52 L.Ed. 151, wherein the court stated:

"We have nothing to do with the policy, wisdom, justice, or fairness of the act under consideration; those questions are for the consideration of those to whom the state has entrusted its legislative power, and their determination of them is not subject to review or criticism by this court."

In the Hunter v. City of Pittsburgh case, the court went on to state:

"We have nothing to do with the interpretation of the Constitution of the state and the conformity of the enactment of the assembly to that Constitution; those questions are for the consideration of the courts of the state, and their decision of them is final."

As to the allegations of the complaint concerning the motives of the Legislature of Alabama in passing the Act in question, the law is clear that the supremacy and absolute control as to the territorial boundaries of municipalities is vested in the legislative body of the State, regardless of the motive underlying the enactment. See Doyle v. Continental Ins. Co., 1876, 94 U.S. 535, 24 L.Ed. 148, wherein the Supreme Court stated:

"If the State has the power to do an act, its intention or the reason by which it is influenced in doing it cannot be inquired into."

\* \* \* \* \* \*

"*If the act done by the State is legal, is not in violation of the Constitution or laws of the United States, it is quite out of the power of any court to inquire what was the intention of those who enacted the law.*" (Emphasis supplied.)

Only recently the Doyle case was cited with approval by a three-judge district

court sitting in Alabama when that court rendered its opinion in Shuttlesworth v. Birmingham Board of Education, D.C. Ala.1958, 162 F.Supp. 372, 381. That court, speaking through the Honorable Richard T. Rives, stated:

"In testing constitutionality 'we cannot undertake a search for motive.' 'If the State has the power to do an act, its intention or the reason by which it is influenced in doing it cannot be inquired into.' Doyle v. Continental Insurance Co., 94 U.S. 535, 541, 24 L.Ed. 148. As there is no one corporate mind of the legislature, there is in reality no single motive. Motives vary from one individual member of the legislature to another. Each member is required to 'be bound by Oath or Affirmation to support this Constitution.' Constitution of the United States, Article VI, Clause 3. Courts must presume that legislators respect and abide by their oaths of office and that their motives are in support of the Constitution."

Thus this Court must now conclude that regardless of the motive of the Legislature of the State of Alabama and regardless of the effect of its actions, insofar as these plaintiffs' right to vote in the municipal elections is concerned, this Court has no authority to declare said Act invalid after measuring it by any yardstick made known by the Constitution of the United States. This Court has no control over, no supervision over, and no power to change any boundaries of municipal corporations fixed by a duly convened and elected legislative body, acting for the people in the State of Alabama.

For the foregoing reasons, the motion of the defendants to strike this complaint upon the ground that it violates Rule 8(e) of the Federal Rules of Civil Procedure will be overruled and denied; the motion of the defendants to dismiss this action upon the grounds that the complaint fails to state a claim against these defendants upon which relief can be granted and that this Court does not have any authority or jurisdiction to declare void this particular duly enacted statute of the State of Alabama will be granted.

A formal judgment will be entered in conformity with this opinion.