VILLAGE OF INKSTER *v.* WAYNE COUNTY SUPERVISORS.

MUNICIPAL CORPORATIONS—INCORPORATION OF NEW HOME-RULE CITY
—EQUALLY DIVIDED COURT.

Decree of circuit court upholding validity of proceedings to incorporate a new home-rule city from 2 previously unincorporated parts of township territory together with some of the area of an incorporated home-rule village connecting the otherwise separated parts of the township, is affirmed by a court equally divided on question of remanding for testimony on issue raised by intervention of attorney general as to whether there was an attempted segregation of races (CL 1948, § 14.101; § 78.1 *et seq.*; §§ 117.6–117.11, as amended).

Appeal from Wayne; Weideman (Carl M.), J. Submitted October 12, 1960. (Docket No. 67, Calendar No. 48,863.) Decided April 26, 1961. Rehearing denied June 28, 1961.

Bill by the Village of Inkster, a municipal corporation, against the Board of Supervisors of Wayne County, the county clerk and board of canvassers, to enjoin election proceedings in connection with the incorporation of the proposed city of Dearborn Heights. The Township of Dearborn and 3 area residents intervene as parties defendant. Election held under temporary order of court. Decree ordering certification of election results favoring incorporation. Plaintiff appeals. Affirmed by an equally divided court.

REFERENCES FOR POINTS IN HEADNOTES
37 Am Jur, Municipal Corporations §§ 7, 102.

*Albert H. Schlenker, Jr.,* Corporation Counsel, and *Dickinson, Wright, McKean & Cudlip (Claude H. Stevens, Charles R. Moon,* and *George E. McKean,* of counsel), for plaintiff.

*Hobart Taylor, Jr.,* for defendant boards of supervisors and canvassers and county clerk.

*Richard D. Dunn* and *Stanley E. Beattie,* for intervening defendant Township of Dearborn.

*George E. Wicklund,* for intervening defendant residents, Canfield, McCarthy, and Thirlwell.

BLACK, J. (*for affirmance*).    We scrutinize for validity statutory proceedings designed to incorporate the new home-rule city of Dearborn Heights. If the proceedings are held to be of legal force, such new city will include—coterminously—all of former Dearborn township plus an area taken from the then and now incorporated home-rule village of Inkster.

A map, appearing in the margin, was attached to the statutory petition.    The north-south (heavier shaded) rectangle shown as connecting the separated parts of Dearborn township was, prior to such election, a part of the village.

The remainder of the village lies immediately west of such rectangle. The incorporated city of Dearborn lies immediately east thereof. Thus we perceive the rectangle as an adopted means (probably the only means) of connecting, for incorporation purposes, a township which had been separated into 2 noncontiguous parts by previous incorporation proceedings.

The facts are stipulated and the parties agree that our answer to the sole and agreed question will deter-

mine the right or wrong of that which the defendant board of canvassers certified below. The agreed question:

"In proceedings to incorporate portions of Dearborn township as a home-rule city under the home-rule city act may a part of the village of Inkster, a home-rule village duly incorporated under the home-rule village act, be included in said home-rule city without the consent of said village expressed in proceedings to detach said part of the village?"

The board's answer was affirmative. So was that of the chancellor. The plaintiff village, appealing, insists upon a negative answer. It relies upon sections 2 (CL 1948, § 78.2, amended by PA 1958, No 140 [Stat Ann 1959 Cum Supp § 5.1512]) and 5 (CL 1948, § 78.5 [Stat Ann § 5.1515]) of the home-rule village act of 1909 and says that the only method by which part of an incorporated village may be separated from that village is by "detachment or annexation proceedings in accordance with the home-rule village act or by annexation proceedings in accordance with the home-rule city act."

The defendant township, on the other hand, relies upon section 9 of the home-rule city act of 1909 (CLS 1956, § 117.9 [Stat Ann 1959 Cum Supp § 5.2088]); recently considered in *Cavanagh* v. *Calhoun County Board of Canvassers,* 361 Mich 516, and particularly upon the proviso which, by PA 1931, No 314, was added to that section.[1] Citing *Bray* v. *Stewart,* 239 Mich 340; *Presque Isle Prosecuting Atty.* v. *Rogers Township,* 313 Mich 1; *City of Dearborn* v. *Village of Allen Park,* 348 Mich 449; and *Ford Motor Co.* v. *Village of Wayne,* 358 Mich 653, the defend-

[1] The proviso reads: "Provided, however, that when a territory is proposed to be incorporated as a city only the residents of the territory to be incorporated shall vote on the question of incorporation."

ant township alleges that the questioned election[2] and its certified result effectively incorporated such new city.

Carefully bearing in mind that the proceeding before us is one to *incorporate a new city* (under sections 6 through 11 of the mentioned home-rule city act[3]) and that it is not a proceeding to annex, detach, or consolidate, we find that the stated question is controlled by the interpretive declaration of legislative intent appearing in the cited cases of *City of Dearborn* v. *Village of Allen Park* and *Ford Motor Co.* v. *Village of Wayne.* In each of these cases like proceedings under the same statutory provisions were considered. Ruling was made that:

"In annexation or consolidation the people interested are the people in the annexing municipality, the people in the area to be annexed and the people in the area from which the annexed portion is taken, but in the incorporation of a new city the people interested and the area affected consist of the area proposed to be incorporated only. It follows that only those living within the affected area can petition for the incorporation and vote for or against the resolution." (p 665 of *Village of Wayne;* p 454 of *Allen Park.*)

In this case the proceedings were designed and conducted in strict accordance with such declaration of legislative intent. They were, in fact, instituted and pursued within a few days after the handing down of our unanimous determination, in the *Village of Wayne Case,* to reaffirm the quoted declaration. The case manifestly is one where all duty-bound public officials and their counsel have proceeded

---

[2] See appendix for stipulated details showing the manner of conduct and certified result of such election. So far as concerns the village, only those electors residing in the area of the village designed to be included in the new municipality were permitted to vote.

[3] CL 1948 §§ 117.6–117.11, as amended (Stat Ann 1949 Rev and 1959 Cum Supp §§ 5.2085–5.2090).—REPORTER.

according to the guidance of recent and authoritative decisions. It is our duty in these circumstances to confirm their action.

．    ．    ．    ．    ．    ．    ．

This case, originally assigned to the writer, was fully submitted on briefs and oral argument October 12, 1960. The foregoing proposed opinion thereof was delivered December 17th to the other Justices for their consideration. The opinion omits—as I think it should—reference to the presently considered racial-constitutional question which, during oral argument, was injected into the case by a member of this Court. Now, on the eve of over-delayed decision of the briefed and argued question (with respect to which no member of the Court has as yet expressed disagreement), the attorney general has intervened and moved to remand for the taking of testimony to determine whether this incorporation proceeding "represents an attempt unlawfully to segregate races of citizens   *   *   *   or an attempt to segregate white and colored voters by eliminating all Negro citizens from the proposed city of Dearborn Heights."

Such question was neither raised nor tried below. It has not been raised, briefed, or discussed by the parties in this Court. It was repudiated by all counsel during oral argument when they were questioned with respect thereto. Nonetheless it is moved now that we make of this specific case of statutory construction a vehicle for presentation and trial of a fresh issue as in *Gomillion* v. *Lightfoot, Mayor of Tuskegee,* 364 US 339 (81 S Ct 125, 5 L ed 2d 110). How that is to be done is not explained. Possibly it is contemplated that the case on remand shall be held in abeyance until some new suit, brought by necessary and proper parties plaintiff on necessary and proper original pleadings, is attemptedly tried through all courts to final determination of the new

and *Gomillion*-suggested issue.  In the meantime, as recently suggested by a Brother Justice, this abstruse statute may be amended again, thus necessitating new starts and new interpretive lawsuits.

I protest this gratuitous interposure of an issue which belongs only in an original class action, filed in a court of original jurisdiction and supported by such testimonial record as might raise, to the plane of due justiciability, that which the attorney general has alleged *ex parte* under date of February 24th. Such an issue cannot even be framed until and unless the agreed question of statutory construction has been settled by this Court as the chancellor settled it.  By failing to decide that question, and by order for remand on motion of a mere intervenor, we cast an important case adrift on an uncharted sea of doubt and delay.

The right and orderly way to go about raising and presenting the attorney general's stated issue is to pursue the route which, by original class complaint, was started in *Gomillion* v. *Lightfoot* (MD Ala), 167 F Supp 405,[4] *after* the statute of Alabama had—*per its tenor*—changed the boundaries of Tuskegee.  Here section 9[5] can have no *Gomillion*-attackable effect on the boundaries of the respectively involved municipal units until this Court determines the statutory propriety of that which was voted and upheld below.

I vote again to affirm.  Affirmance will nowise impede or blockade an original suit based on the allegations of the attorney general.  It will in fact open the way to prosperous prosecution of such a suit if there be provable ground therefor.

---

[4] The case in CCA 5 is reported in 270 F2d 594.—REPORTER.

[5] CLS 1956, § 117.9 (Stat Ann 1959 Cum Supp § 5.2088).—REPORTER.

## APPENDIX

### (Taken from stipulation of facts.)

The election on the proposed incorporation was held June 20, 1960, in the area proposed to be incorporated with the following results:

Northern part of Dearborn township:

Yes ...... 2,525
No ....... 2,869

The part of the village of Inkster proposed to be included within the new city of Dearborn Heights:

Yes ......   627
No .......    48

Southern part of Dearborn township:

Yes ...... 3,056
No ....... 1,062

Total vote of the electorate in the area proposed to be incorporated as the new city of Dearborn Heights:

Yes ...... 6,208
No ....... 3,979

CARR, J. (*for affirmance*). This case involves the interpretation and application of certain provisions of the city home-rule act*. In accordance with said statute a petition was submitted to the board of supervisors of Wayne county seeking the approval of that body and submission to an election by the qualified voters of the question of incorporating the city of Dearborn Heights from lands located in Dearborn township, a portion of such territory being contained within the village of Inkster. Said board found that the petitions were in compliance with the statute and adopted a resolution fixing the date of an election to be held in the territory proposed to

* PA 1909, No 279, as amended (CL 1948, § 117.1 *et seq.*, as amended [Stat Ann 1949 Rev § 5.2071 *et seq.*, as amended]).

be incorporated. Thereupon the plaintiff village instituted the present suit in equity in the circuit court of Wayne county alleging that all proceedings taken with reference to the petitions were illegal and void, and that any election held on the question of incorporating the proposed new city would be a nullity. Injunctive relief against the holding of the election was sought and a decree in accordance with the averments of the bill of complaint.

It was the claim of the plaintiff as set forth in its pleading that the city home-rule act does not permit the incorporation of a city including any part less than the whole of a home-rule village, and that before a portion of a village organized under the village home-rule act of 1909* may be included in a city such part must first be legally detached from the village by proceedings instituted under the village act. Following the filing of the bill of complaint the trial court denied injunctive relief against the holding of the election but issued a restraining order forbidding the defendant Wayne county board of canvassers from certifying the results of such election pending the further order of the court in the premises. The election was held, the question of incorporation of the proposed new city being submitted to the voters entitled to vote thereon within the territory proposed to be incorporated. A total of 6,208 votes were cast in the area in favor of incorporation and 3,979 votes against such action.

The cause was submitted to the trial judge on a written stipulation of facts and the briefs and oral arguments of counsel. An opinion was rendered sustaining the proceedings taken as in compliance with the statute, and a decree was entered setting aside the restraining order and dismissing the bill

---

* PA 1909, No 278, as amended (CL 1948, § 78.1 *et seq.*, as amended [Stat Ann § 5.1511 *et seq.*, as amended]).—REPORTER.

of complaint. From such decree plaintiff has appealed.

The trial judge concluded that the question at issue involved the interpretation of pertinent provisions of the statute under which the incorporation proceeding was instituted, and that this Court had in prior decisions passed on the questions at issue adversely to the contentions of plaintiff. That such is the situation is not open to question. In *Ford Motor Company* v. *Village of Wayne,* 358 Mich 653, the statutory provisions concerned were discussed, and interpreted in accordance with prior decisions cited. Reviewing the matter in detail would serve no useful purpose. We are in accord with the holding of the circuit judge and the decree entered by him is affirmed. In view of the nature of the controversy no costs are allowed.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.

EDWARDS, J. *(for remand).* Subsequent to presentation of oral arguments and briefs in the above-styled matter, this Court has received notice of intervention from the attorney general of the State of Michigan under the power given him by virtue of PA 1919, No 232, § 1 (CL 1948, § 14.101 [Stat Ann 1952 Rev § 3.211]). The notice of intervention filed with this Court indicates that intervention is made by the attorney general for the purpose of recommending the remand of the above-styled matter to the circuit court for the taking of testimony as to whether or not the proposed annexation of a portion of the village of Inkster represents an attempt unlawfully to segregate races of citizens in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States *(Brown* v. *Board of Education of Topeka,*

347 US 483 [74 S Ct 686, 98 L ed 873, 38 ALR2d 1180] ; *Cooper* v. *Aaron,* 358 US 1 [78 S Ct 1397, 1399, 1401, 3 L ed 2d 1, 3, 5, 19]), or an attempt to segregate white and colored voters by eliminating all Negro citizens from the proposed city of Dearborn Heights in violation of the Fifteenth Amendment to the Constitution of the United States (*Gomillion* v. *Lightfoot, Mayor of Tuskegee,* 364 US 339 [81 S Ct 125, 5 L ed 110]), or both.

These questions were not considered at the trial of the cause, nor were they the subject of oral argument or briefing in the briefs now before the Court.

The cause should be, therefore, remanded to the circuit court for testimony upon the questions set forth above, and for such further proceedings as may be required by the testimony adduced.

SMITH, KAVANAGH, and SOURIS, JJ., concurred with EDWARDS, J.