TOWNSHIP OF FARMINGTON *v.* STATE
BOUNDARY COMMISSION

1. MUNICIPAL CORPORATIONS — CITIES — CREATION — INCORPORATION — CONSTITUTIONAL LAW.

   The only method of creating a new hitherto nonexistent city permitted by the constitution is by incorporation (Const 1963, art 7, § 21).

2. MUNICIPAL CORPORATIONS—CITIES—CREATION—CONSOLIDATION.

   A new city cannot first come into existence by consolidation of two incorporated villages.

3. MUNICIPAL CORPORATIONS—CITIES—INCORPORATION—PETITION.

   A petition for incorporation of a new city in the territory of two incorporated villages and contiguous unincorporated township land was proper, and rejection by the State Boundary Commission on the ground that the new city could only be formed by consolidation was error (MCLA § 123.1001 *et seq.*).

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 February 1, 1971, at Lansing. (Docket No. 10301.) Decided April 26, 1971. Leave to appeal denied, 385 Mich 772.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 56 Am Jur 2d, Municipal Corporations §§ 30–32.

Complaint by the Township of Farmington against the State Boundary Commission to have incorporation petition declared valid and to have the commission take further proceedings on it, and against the Oakland County Board of Supervisors to enjoin proceedings on annexation petitions for part of the same territory. Robert McConnell, circulator of the incorporation petition, was added as a plaintiff. The City of Farmington and the Village of Quakertown intervened as defendants. Judgment for defendants. Farmington Township appeals. Reversed and remanded.

*Brennan & Bibeau,* for plaintiff Farmington Township.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney,* Assistant Attorney General, for the State Boundary Commission.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. In 1968 the legislature created a new statutory body designated the "State Boundary Commission".[1] Prior thereto, incorporation of cities was supervised by the Secretary of State and to some extent by the boards of supervisors of the various counties. By the express language of the 1968 act, all petitions for incorporation required by pre-existent statutes to be filed "with the board of supervisors or the secretary of state" were, as of the effective date of the act required

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6 § 23 as amended in 1968.

[1] MCLA § 123.1001 *et seq.* (Stat Ann 1969 Rev § 5.2242[1] *et seq.*).

to be "filed with the commission" and the commission was empowered to "exercise the powers and carry out the duties of the board of supervisors and the secretary of state in relation to such incorporations". MCLA § 123.1007 (Stat Ann 1969 Rev § 5.2242[7]).

Section 12 of the same statute contains another provision providing for "proceedings for consolidation * * * of the affected municipalities". Within this same section there is a limitation upon the commission which prohibits it from acting upon any petition for consolidation while "an annexation petition is pending as to any of the municipalities proposed for consolidation".

A group of early-rising petitioners filed a petition for the *incorporation* of part of Farmington Township and two villages located in that township into a single new city to be called Farmington Hills. The petition was filed at 7:45 a.m. on October 13, 1969, at the commissioner's office in Lansing.

Meanwhile, at 8:28 a.m. the same day back in Oakland County at the office of the Board of Commissioners of that county, a slightly less early-bird group filed a petition to *annex* part of the same territory to the presently existing City of Farmington. Since the order of consideration of the two petitions is governed by the time of the respective filings, we hope the timekeepers of the two bodies synchronized their watches.

To present the factual background, and for a statement of the legal issues involved, we cannot improve upon that which is contained in the scholarly opinion of the learned trial judge. We quote it in relevant part:

"At its meeting of December 17, 1969, the Boundary Commission ruled: ' * * * the petition [69-I-

6] as a matter of law fails to conform to the provisions of Act 279 of the Public Acts of 1909, as amended, and to Act 191 of the Public Acts of 1968, because it seeks to join into one city by the process of incorporation two incorporated villages and contiguous unincorporated territory, which may be accomplished only through the process of consolidation * * * .'

"The boundary commission also ruled that it did not have authority to treat Petition 69-I-6 as a petition for consolidation and the boundary commission also on January 21, 1970, found that Petition 69-C-3 for consolidation was not a valid substitute for Petition 69-I-6 within the meaning of § 8a of the statute (M.S.A. § 5.2087[1]).[2]

"The questions presented are difficult ones upon which reasonable persons could well differ, and in this case the parties do so vigorously.

"The facts of this case certainly illustrate the difficult position that any attorney is put into when he is attempting to advise as to which type of petition ought to be presented.

"The pivotal issue, and in this court's opinion the most important issue, concerns the disposition of the original petition for incorporation by the boundary commission which ruled that incorporation was not the proper method. This presents the issue of whether the boundary commission was in error in rejecting, as legally insufficient, Petition 69-I-6 for incorporation of part of the Township of Farmington and the home rule villages of Quakertown and Wood Creek Farms into the new City of Farmington Hills for the reason that the petition sought to join by incorporation entities which could only be joined by the process of consolidation.

"This issue of whether a new city may be incorporated from a township and two villages which are part of that township, is an issue of first impression

[2] MCLA § 117.8a.

in this state. The statute involved, which is § 6 of
Act 279 of the Public Acts of 1909 (M.S.A. § 5.2085)[3],
provides in relevant part as follows:

  " 'Cities may be incorporated or territory de-
tached therefrom or added thereto, or consolidation
made of 2 or more cities or villages into 1 city, or of
a city and 1 or more villages into 1 city, or of 1 or
more cities or villages together with additional ter-
ritory not included within any incorporated city or
vilalge into 1 city'.

  "Basically the City of Farmington and the Bound-
ary Commission rely upon the plain wording of
the statute and *dicta* from the case of *Hempel vs
Rogers Township*[4] (hereinafter referred to as the
*Rogers City* case), 313 Mich 1, at page 6; while the
Township of Farmington and Mr. McConnell and
the other petitioners basically rely upon the holding
in the aforementioned *Rogers City* case and the logic
flowing therefrom.

  "In the situation at bar, we have a set of facts
which involves more than one village together with
additional territory not included within any incor-
porated city or village. The Township argues very
logically that if the foregoing is a consolidation,
then the following must also be a consolidation; to
wit, one village together with additional territory
not included within any incorporated city or village
into one city. The township then cites the *Rogers
City* case and *City of Dearborn* v. *Village of Allen
Park* [1957], 348 Mich 449, and *Ford Motor Com-
pany* v. *Village of Wayne* [1960], 358 Mich 653. In
each of these cases the Supreme Court in effect held
that the latter situation was an incorporation.

  "On the other hand, the boundary commission,
through the Attorney General, asserts that the
*Rogers City* case was erroneous and should be over-
ruled or at least restricted to the situation then be-

3 MCLA § 117.6.
4 *Presque Isle Prosecuting Attorney* v. *Township of Rogers* (1945),
313 Mich 1.

fore the Court, which is distinguishable from the case at bar. It is, of course, not the province of a trial court to overrule decisions of the state Supreme Court.

"Relying as they do on the *Rogers City* case, the township and the petitioners are in a very logical position. Nevertheless, this court is of the opinion, that although a very close question is presented, the boundary commission was correct in its determination for the following reasons:

"The sentence structure of the first sentence of M.S.A. § 5.2085 makes it clear that where a proceeding involves combining two villages into a single city, consolidation is the required procedure. If the Legislature had intended that two villages could be incorporated rather than consolidated, consolidation would not have been defined as the combination of 'two or more * * * villages into 1 city'. Accordingly the Supreme Court in the *Rogers City* case at page 6, while upholding the propriety of incorporating one village with additional township territory into a new city, specifically pointed out that the case before did not involve 'a consolidation of two villages'.

"All of the other villages plus additional unincorporated territory incorporation cases cited by any party rest on the *Rogers City* case and all include only one village.

"The Supreme Court by dicta inferred that if two villages had been involved in the *Rogers City* situation, there would have been the necessity for a consolidation.

"The *Rogers City* case has never been cited in a situation other than a case involving one village and unincorporated territory seeking to form a new city. The *Rogers City* case should be followed by the trial courts but should be strictly limited to its own facts which are distinguishable from the instant case.

"Incorporation and consolidation are separate and distinct proceedings each having different consequences and different procedures.

"This court is therefore of the opinion that the boundary commission did not err in rejecting as legally insufficient Petition 69-I-6 for incorporation.

"This court having found that the only valid method of creating a new city from the Township of Farmington and its two villages is by means of 'consolidation', the next issue is whether the boundary commission had the authority to proceed with a consolidation election based upon the incorporation petitions filed October 13, 1969.

"An examination of the state boundary commission act (Act 191, Public Acts of 1968, M.S.A. § 5.2242[1] *et seq.*), indicates that consolidation is an entirely different procedure from incorporation and each is provided for in separate sections of the act.

"It would appear that the Legislature was aware of the procedural and substantive differences between the process of incorporation and consolidation, and did not intend that the boundary commission could select between such processes. The boundary commission properly viewed the process of incorporation and consolidation as mutually exclusive. This court is of the opinion that such form of municipal formation must stand or fall under the standards set forth for that form for the reason that the expectations of petitioners for incorporation are considerably different from those of petitioners for consolidation. Many petitioners may never have signed the petitions had they known that the petition may be later regarded as a consolidation petition thus giving each village a veto on the proposition and on the proposed charter and a guaranteed seat on the charter commission.

"For the foregoing reasons this court is of the opinion that, absent express statutory authority, the boundary commission could not treat a petition requesting incorporation as one for consolidation.

"This court therefore finds that the boundary commission did not err in finding that it lacked jurisdiction or authority to treat Petition 69-I-6 as a petition for consolidation. This court is also of the opinion that the boundary commission order of December 19, 1969, was not fatally defective for failing to include findings of fact and conclusions.

"On January 21, 1970, the boundary commission met in regular session to consider the substitute Petition 69-C-3 and found that such petition encompassed all of the same territory as Petition 69-I-6 and had among its signers 4/5 of the qualified petitioners shown on Petition 69-I-6, but found that the petition was not a valid substitute because when it was filed final action had been taken on 69-I-6 (the petition for which 69-C-3 would be a substitute), and that 69-I-6 was not 'on file' within the meaning of § 8a. Of course, prior to this (on October 13) annexation petitions had already been filed with the board of supervisors.

"The next question thus presented is whether 'substitute' petitions for consolidation can be processed by the State Boundary Commission in place of the petitions for incorporation which the boundary commission had decided did not conform to applicable law and after other petitions for annexation had been filed with the Oakland County Board of Supervisors.

"The township and petitioners assert that after having rejected the October 13 petition as being for 'incorporation', the commission should have accepted and acted upon the substitute petition for 'consolidation' filed on December 17, 1969. They assert that at the time of filing of the subsequent petition, the prior petition was still 'on file' with the boundary commission and that the substitute petition was timely filed when it was presented to the boundary commission at the same meeting and immediately

after the boundary commission ruled that the prior petition did not comply with the act.

"This court, however, agrees with the City of Farmington's position that once valid petitions were filed any subsequently filed petition which was in territorial conflict with the first petition filed had to wait until such time as the first petition was either favorably acted upon or rejected.

"The statute involved, which is § 8a of the home rule act (M.S.A. Sec. 5.2087[1]), reads as follows:

" 'In case a petition has been filed with the clerk pursuant to section 8, and subsequently another petition is filed by other petitioners proposing to affect the same territory in whole or part, then the subsequently filed petition shall not be submitted to the electors while in conflict with the prior petition: Provided, however, That if such prior petition on file is one on which the board of supervisors has not finally set the date for an election, and such subsequent petition has been filed as a substitute therefor encompassing all of the same territory and having among its signers at least 4/5 of the qualified petitioners shown as such prior petition, then the board shall act on such subsequent petition in the place and stead of said prior one. If the board finds that said substitute petition complies with the provisions of this act, an election shall be called thereon; otherwise the election shall be held on such prior petition if it complies with this act.'

"The language of § 8a does not contemplate a petition filed by other persons affecting the same territory. The right to file a substitute petition requires that the second petition filed be by substantially the same petitioners as the original petition filed. But in the case at bar, petitions for annexation to the City of Farmington of part of the territory involved in the proposed City of Farmington Hills, were filed with the Oakland County Clerk on October 13, 1969, which was prior to the substitute

petition (69-C-3). Therefore since the rights of other petitioners had intervened, it is this court's opinion that the original petitioners or 4/5 of them no longer had the right to file a substitute petition while the annexation petitions were still on file and had taken priority.

"For the foregoing reasons, this court is of the opinion that the boundary commission did not err in rejecting the substitute petition (69-C-3).

"The last question presented to the court which is necessary for decision in these cases, concerns the City of Farmington's petition for annexation of two separate nonconnected areas to the City of Farmington.

"The question presented is whether a petition seeking to annex two separate non-contiguous township areas to a home rule city in the same petition is contrary to the provisions of the statute (Act 279 of the Public Acts of 1909).

"We are concerned here with two parcels of land in the same township not contiguous to each other but both contiguous to the City of Farmington and which are sought to be annexed to that city in one election as a result of one set of petitions describing both parcels of land. Although both of these areas are contiguous to the City of Farmington, they lie on either side of the City of Farmington and separated from one another by the city.

"This court has carefully studied the respective positions on this question and is of the opinion that there is no law, statutory or case law, which requires that land proposed for annexation to a city must be other than contiguous to the city itself. This court is of the opinion that no gerrymandering is involved. This court is of the opinion that the petitions for annexation in this case were a proper means of presenting the question of annexation of separate parcels of land to the voters of the district.

"In summary, this court concludes as follows:

"(1) The boundary commission did not err in rejecting as legally insufficient Petition 69-I-6 for incorporation to the Village of Wood Creek Farms, the Village of Quakertown and the unincorporated area of the Township of Farmington for the reason that consolidation was the proper method of procedure.

"(2) The boundary commission was not in error in refusing to treat Petition 69-I-6 for incorporation as a petition for consolidation.

"(3) The boundary commission was not in error in rejecting the substitute petition (69-C-3) for consolidation due to the fact that the rights of the petition for annexation to the City of Farmington affecting the same territory had in the meantime come into existence.

"(4) The petition for annexation to the City of Farmington filed with the board of supervisors (now board of commissioners) was a proper method of presenting the question of annexation to the voters of the district.

"For the foregoing reasons the injunction which has been heretofore issued in this cause is hereby dissolved."

Before handing down the quoted opinion, the trial judge had temporarily restrained the Oakland County Board of Commissioners (Supervisors) from acting on the annexation petition of the City of Farmington.

At the outset, we re-echo what the trial judge said concerning the complexity of the issue. We further note what the Supreme Court said in *Presque Isle Prosecuting Attorney* v. *Township of Rogers* (1945), 313 Mich 1, 6, "unquestionably there is some conflict and much ambiguity between different expressions in the statute". We add that if there were ambiguity before the passage of the new statute, its passage

and the retention of parts of the old has raised the level of the prior ambiguity almost to present indecipherability.    However, we will do our own judicial best.    If we are in error, we will at least be clear in our error.

We hold here that there is no constitutional method of creating a single, new, hitherto non-existent city except by the process of incorporation. What emerges from that incorporating procedure is a municipal corporate body, *viz.,* an incorporated city.

We so hold because that is the only way we can read the governing constitutional provision.

"The legislature shall provide by general laws for the incorporation of cities    *    *    *    ." Const 1963, art 7, § 21.

We think this is precisely what the Supreme Court meant in *Presque Isle Prosecuting Attorney, supra,* when it said:

"Prior to the election there was no *city* in this area, hence it is not a consolidation."    (p 6.)

It is not to the purpose here to say what previously incorporated cities can or cannot do in relation to other units of government incorporated or unincorporated (as villages can be).    Nor do we clarify anything by including *dicta* relating to what the processes of annexation or consolidation can or cannot accomplish, and under what circumstances and subject to what conditions precedent.    Sufficient unto the opinion the necessary holding thereof.

In this state, a single new city cannot be "consolidated" into its first existence.    By reason of this holding it is unnecessary to address ourselves to the other issues covered by the trial court's opinion.

The learned circuit judge was right, in the first instance, in enjoining the board of commissioners from acting upon the petition for annexation. The order dissolving the temporary injunction is vacated.

The boundary commission was in error in rejecting Petition No 69-I-6 for incorporation of the City of Farmington Hills.

The case is remanded to the trial court for entry of an appropriate order retransmitting the petition aforesaid to the commission for further proceedings in the manner provided by law.

No costs, a public question.

All concurred.