BUTLER v STATE BOUNDARY COMMISSION

*In re* PROPOSED INCORPORATION, PORTIONS OF MUSKEGON
TOWNSHIP, PORTIONS OF CITY OF MUSKEGON

1. MUNICIPAL CORPORATIONS—INCORPORATION—PETITIONS—STATE
   BOUNDARY COMMISSION—PUBLIC HEARINGS—REQUIREMENT—
   STATUTES.

   The State Boundary Commission need not hold a public hearing
   where a petition for incorporation, consolidation or annexation
   presented to it is legally defective; it need only certify its
   reason for finding the petition defective to the petitioner
   (MCLA 123.1008[2]; MSA 5.2242[8][2]).

2. MUNICIPAL CORPORATIONS—INCORPORATION—TOWNSHIPS—ADJOIN-
   ING CITIES.

   A petition for incorporation of a township is legally defective
   where the petition includes territory of an adjoining, already
   incorporated city.

Appeal from Ingham, James T. Kallman, J.
Submitted November 14, 1975, at Lansing. (Docket
No. 20954.) Decided December 8, 1975.

Petition by Robert Butler and others to the
State Boundary Commission for incorporation of
certain areas of Muskegon Township and portions
of the City of Muskegon. Petition denied. Plaintiffs
appealed to circuit court. Remanded. The State
Boundary Commission appeals by leave granted.
Order of circuit court reversed and petition denied.

*Dickinson, Wright, McKean, Cudlip & Moon* (by

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 30–32.

*Charles R. Moon, W. Philip Rice* and *Judson M. Werbelow),* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney,* Assistant Attorney General, for defendant.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. The State Boundary Commission appeals by leave granted from an Ingham County Circuit Court order remanding a petition of incorporation for a public hearing before the Boundary Commission. The Township of Muskegon petitioned the State Boundary Commission to incorporate the township into a new city. The Boundary Commission rejected the petition without a public hearing because of a legal defect in the petition; the petition included parts of the City of Muskegon that had formerly been part of the township. The petitioners for the incorporation then sought review in the Ingham County Circuit Court and that court ordered the State Boundary Commission to conduct a public hearing pursuant to MCLA 123.1008(3); MSA 5.2242(8)(3).

The issue as framed by the parties on appeal may be broken down into two parts. (1) Must the State Boundary Commission hold a public hearing if a petition for incorporation, consolidation or annexation presented to it is legally defective? (2) Is a petition for incorporation of a township legally defective when that petition includes territory of an already incorporated city?

We must answer the first question in the negative. All that the statute requires the State Boundary Commission to do if it finds the petition for

incorporation to be defective is to certify its reason for finding the petition defective to the petitioner. MCLA 123.1008(2); MSA 5.2242(8)(2). The commission's order and findings of March 10, 1971, comply with the statute. There is no requirement that the commission hold a public hearing prior to making this determination. While the State Boundary Commission has the power to revise the territory included within the petition, MCLA 123.1010(1); MSA 5.2242(10)(1), this power is only available if the incorporation petition is not legally defective on its face.

We must answer the second question in the affirmative. In *Carpenter v Genesee County Board of Supervisors,* 371 Mich 295; 123 NW2d 708 (1963), the Supreme Court unanimously affirmed the denial of a writ of mandamus to compel the county board of supervisors to hold an incorporation election in Flint Township. Chief Justice CARR, writing for himself and three other justices, stated that the petition for incorporation was defective because it included territory of the City of Flint. Justice SOURIS, speaking for the other four justices, simply affirmed the denial of the writ on the basis that the plaintiffs had failed to show that they were entitled to it.

Even though there is no clear holding in the Carpenter case, we are convinced that Chief Justice CARR was correct: a petition for incorporation of a township is defective when it includes territory of an adjoining, already incorporated, city. While the plaintiff relies on *Village of Inkster v Wayne County Supervisors,* 363 Mich 165; 108 NW2d 822 (1961), that case is factually distinguishable from the present case. In *Village of Inkster* the territory sought to be included in the incorporation of Dearborn Township was part of

the Village of Inkster. Although plaintiff argues that the distinction between a city and a village is a distinction without a difference, that distinction is necessary to harmonize *Township of Farmington v State Boundary Commission,* 33 Mich App 148; 189 NW2d 757 (1971), *lv den* 385 Mich 772 (1971), with *Taliaferro v Genesee County Supervisors,* 354 Mich 49; 92 NW2d 319 (1958). It must be remembered that a principal reason for this distinction is that a village is part of the township in which it lies for taxing, voting, and census purposes while a city is a separate and distinct municipal entity for those same three functions.

As the petition for the incorporation of Muskegon Township was legally defective on its face for including territory of the City of Muskegon, the State Boundary Commission was correct in rejecting the petition without holding a public hearing. The trial court is reversed and the March 10, 1971, order of the Michigan State Boundary Commission is reinstated. No costs, a public question being involved.